**Marcus GONZALEZ, Plaintiff–Appellant,**

v.

**James ENTRESS, et al., Defendants–
Appellees.**

**No. 96–3884.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 11, 1997.

Decided Jan. 12, 1998.

552

Geroge S. Spataro (argued), Steck & Spataro, Chicago, IL, Manuel R. Ribbeck, Chicago, IL, for Plaintiff–Appellant.

Lawrence Rosethal, Benna R. Solomon, Timothy W. Joranko (argued), Susan S. Sher, Office of the Corporation Counsel, Appeals Division, Chicago, IL, for Defendant–Appellee.

Before POSNER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Shortly after a killing in July 1989, police entered an apartment in search of the culprit. Finding a group of men playing cards, the police arrested all of them. One of their number, Marcus Gonzalez, later was charged with murder after a lineup at which a witness identified him. While in custody Gonzalez confessed to the crime—not only to the police but also to a fellow card shark. The confessions mentioned Enrique Hernandez, who became a witness against Gonzalez at trial because Gonzalez had related details to Hernandez at the apartment. Hernandez proved to be indispensable, because the state trial judge suppressed the identification and stationhouse confessions after concluding that the police lacked probable cause to arrest Gonzalez at the apartment. The judge treated the confession and identification as fruits of the unlawful arrest but, applying *United States v. Ceccolini*, 435 U.S. 268, 98 S.Ct. 1054, 55 L.Ed.2d 268 (1978), permitted Hernandez to testify. Gonzalez was convicted of second-degree murder and sentenced to 13 years' imprisonment. The state's appellate court concluded that Hernandez should not have been allowed to testify and remanded for a new trial, *People v. Gonzalez*, 268 Ill.App.3d 224, 205 Ill.Dec. 688, 643 N.E.2d 1295 (1st Dist.1994), which ended in a judgment of acquittal. In February 1996 Gonzalez commenced this action under 42 U.S.C. § 1983 seeking damages for the arrest and imprisonment. The district court held that

the two-year period of limitations commenced in July 1989 and dismissed the suit as untimely. According to Gonzalez, however, *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), postpones the accrual of the claim until the acquittal. If this is so, the suit must be reinstated.

■ It is not so. *Heck* holds that a damages claim that "necessarily demonstrates the invalidity of [a] conviction", 512 U.S. at 481–82, 114 S.Ct. at 2369, may not be brought while the conviction stands. A conviction may be contested on appeal or by collateral attack, but not by a civil action. If the conviction should be reversed or otherwise set aside, however, then damages become potentially available. This allocation between the criminal and civil sides of the legal system has no effect on wrongs that do not demonstrate the invalidity of a conviction (or other judicial order), a point the Court made:

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, see *Murray v. United States,* 487 U.S. 533, 539 (1988), and especially harmless error, see *Arizona v. Fulminante,* 499 U.S. 279, 307–308 (1991), such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, see *Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 308 (1986), which, we hold today, does *not* encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

512 U.S. at 487 n. 7, 114 S.Ct. at 2372 n. 7 (emphasis in original). This footnote makes two points: (i) a claim based on an unlawful search or arrest may be brought immediately, because a violation of the fourth amendment does not necessarily impugn the validity of a conviction—the evidence may be properly admitted anyway, or it may be excluded and the defendant convicted on other evidence—and (ii) a claim of damages based on "the 'injury' of being convicted" is impermissible until the conviction has been overturned. Thus a claim asserting a violation of the fourth amendment necessarily "accrues" at the time of the unlawful search or seizure, as we have held several times. E.g., *Washington v. Summerville,* 127 F.3d 552, 555–57 (7th Cir.1997); *Booker v. Ward,* 94 F.3d 1052, 1056 (7th Cir.1996); *Simpson v. Rowan,* 73 F.3d 134, 136 (7th Cir.1995); *Homola v. McNamara,* 59 F.3d 647, 651 (7th Cir. 1995); *Perez v. Sifel,* 57 F.3d 503, 505 (7th Cir.1995).

We recognize that at least one court of appeals has gone the other way. *Schilling v. White,* 58 F.3d 1081 (6th Cir.1995), holds that a § 1983 action alleging an unconstitutional search or seizure is premature, and must be dismissed without prejudice, if brought while the plaintiff still faces criminal punishment. Part of *Schilling's* rationale—that *Heck* applies to persons detained pending trial, as well as to those who have already been convicted—is unexceptionable. *Anderson v. Montgomery County,* 111 F.3d 494, 499 (7th Cir.1997). But to say that *Heck* "applies" is not to say that it requires dismissal of a suit seeking damages for the arrest or search, as opposed to damages for wrongful conviction. Wrongful invasions of property are actionable in trespass, and wrongful detentions actionable under state law and the fourth amendment, no matter what happens to the criminal prosecution. Suppose a person says something like "I was arrested without probable cause and spent a night in jail until my wife came up with bail money." That injury is compensable whether or not the person is later convicted—indeed, whether or not he is later prosecuted. The rationale of cases such as *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), and *Haring v. Prosise,* 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983), which hold that a criminal conviction does not bar civil search and seizure claims under principles of preclusion

(collateral estoppel or res judicata), is that a search can be unlawful but the conviction entirely proper, or the reverse, and that some injury from a violation of the fourth amendment is unrelated to conviction. Suppose the police search a house without probable cause, find cocaine, and throw it away, convicting the defendant on evidence in their possession before the search? Or suppose they search without probable cause, find evidence, and use it at trial on an inevitable-discovery or good-faith theory? The court admits the evidence after finding that the exclusionary rule is not appropriately invoked, and the conviction is proper; but this does not mean that damages are unavailable for the invasion of privacy, the broken door, and so on. *Schilling* implies that if wrongfully seized evidence is not excluded at trial, there can be no damages remedy. Yet the exclusionary rule is used only for a subset of violations; damages are available for all. And as this case shows, sometimes even invocation of the exclusionary rule at trial does not lead to acquittal. We think it clear, notwithstanding *Schilling*, that Gonzalez could have sued immediately after the arrest or immediately after the suppression of the evidence at the trial court, even though he remained exposed to criminal punishment as a result of Hernandez' testimony. Gonzales didn't have to get Hernandez' testimony suppressed to become entitled to damages for the unlawful entry, the unlawful arrest, and the unlawful detention between arrest and the filing of criminal charges. Cf. *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). All *Heck* does is knock out one element of damages, the injury from wrongful conviction, while the conviction stands.

■ The period of limitations for § 1983 suits in Illinois is two years; Gonzalez waited more than six. Two lines of argument are potentially available to rescue the suit. The first is that equitable tolling permits delay until the bulk of the damages is ascertainable. Although federal law defines the accrual of the claim for a constitutional tort, state law supplies the period of limitations and the associated doctrine of tolling. *Hardin v. Straub*, 490 U.S. 536, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989); *Wilson v. Garcia*, 471 U.S. 261, 269, 105 S.Ct. 1938, 1943, 85 L.Ed.2d 254 (1985); *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir.1992); *Bailey v. Faulkner*, 765 F.2d 102 (7th Cir.1985). Many states treat the time as tolled when the immediate injury is small in relation to deferred injury and would not lead a reasonable person to file suit unless the greater loss comes to pass. *Goodhand v. United States*, 40 F.3d 209, 212–13 (7th Cir.1994). But Illinois is more stingy with tolling. *Golla v. General Motors Corp.*, 167 Ill.2d 353, 369–71, 212 Ill.Dec. 549, 657 N.E.2d 894, 902–03 (1995), holds that *de minimis* injuries start the clock, which is not tolled even when subsequent injuries turn out to be substantially more severe than those felt initially. Gonzalez does not argue that the time was tolled, perhaps because of the approach laid out in *Golla* and perhaps because he did not file suit until nine months after his release from custody in 1995, while tolling doctrines require that the plaintiff get the litigation under way promptly after the circumstance justifying delay is no longer present. See *Singletary v. Continental Illinois National Bank*, 9 F.3d 1236, 1242–44 (7th Cir.1993) (Illinois law). The second line of argument is that the conviction was not a new injury caused *by* the violation of the fourth amendment but was instead a new violation *of* the fourth amendment. When conviction and imprisonment are themselves constitutional wrongs, *Heck* postpones accrual of the claim until the judgment has been set aside.

■ Yet it seriously misunderstands the fourth amendment to treat a conviction based on improperly obtained evidence as an independent violation of the fourth amendment. The *conviction* is not an unreasonable search and seizure. Until this century courts regularly made use of unlawfully seized evidence, which usually is reliable proof of guilt. Language in *Mapp v. Ohio*, 367 U.S. 643, 657, 81 S.Ct. 1684, 1692–93, 6 L.Ed.2d 1081 (1961), which overrules *Wolf v. Colorado*, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949), and extends the exclusionary rule to the states, could be read to say that the use of unconstitutionally obtained evidence is itself a violation of the Constitution, but that suggestion

was withdrawn in later cases that treat exclusion as a remedy for an antecedent wrong, rather than as part of the constitutional entitlement. That is why the Court could hold in *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), that failure to exclude improperly obtained evidence at trial does not justify a collateral attack on the conviction, and why cases such as *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), permit the use of some evidence seized in violation of the fourth amendment. Using "the fruits of a past unlawful search or seizure 'works no new Fourth Amendment wrong' ", *Arizona v. Evans*, 514 U.S. 1, 10, 115 S.Ct. 1185, 1191, 131 L.Ed.2d 34 (1995), quoting from *Leon*, 468 U.S. at 906, 104 S.Ct. at 3411. See also, e.g., *INS v. Lopez–Mendoza*, 468 U.S. 1032, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984); *New York v. Quarles*, 467 U.S. 649, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984); *Nix v. Williams*, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984); *United States v. Havens*, 446 U.S. 620, 100 S.Ct. 1912, 64 L.Ed.2d 559 (1980); *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). Although the exclusionary remedy ordered by the trial judge was deemed inadequate by the appellate court, disagreement within the state's judicial system about the appropriate scope of the exclusionary rule is quite a distance from an independent constitutional wrong. Gonzalez was convicted based on reliable evidence demonstrating that he committed a murder—and inability to establish his innocence of that offense would be another obstacle to recovery of damages for a conviction. See *Levine v. Kling*, 123 F.3d 580 (7th Cir. 1997).

We have so far treated this as a case under the fourth amendment. Gonzalez asserts that "the defendant police officers used excessive force to illegally obtain information from him and to force him to exhibit himself in a line-up". It is not clear whether he means to contend that his confession was coerced, but no matter. Application of excessive force at a police station violates the Constitution and is immediately actionable, even if the prosecutor never tries to use the confession at trial, *Buckley v. Fitzsimmons*, 20 F.3d 789, 796 (7th Cir.1994), so again the claim accrued in 1989. Fourth and fifth amendment claims (applicable here through the fourteenth amendment) differ in some respects: the use of a coerced confession could be a violation separate from the coercion, and efforts by the police to conceal vital facts from the prosecutor and court in order to frame an innocent person could be still another violation. See *Jones v. Chicago*, 856 F.2d 985 (7th Cir.1988). But these differences do not matter when the confession is not introduced at trial. At Gonzalez' request, the evidence was suppressed. The only constitutional problems therefore occurred in 1989, and injury was felt immediately. Thus the district court properly dismissed the suit as untimely.

Affirmed