Larry J. COPUS, Plaintiff–Appellant,

v.

CITY OF EDGERTON, Kenneth Burdick, Randal Meehan, et al., Defendants–Appellees.

No. 97–2112.

United States Court of Appeals, Seventh Circuit.

Argued March 30, 1998.

Decided Aug. 4, 1998.

Larry J. Copus, Federal Correctional Institution, Memphis, TN, pro se.

Robert J. Palmer, Brian Nettleingham (argued), May, Oberfell & Lorber, South Bend, IN, for Plaintiff–Appellant.

Robert G. Krohn (argued), Roethe, Krohn & Pope, Edgerton, WI, for Defendants–Appellees City of Edgerton, Kenneth Burdick, Randal Meehan, Barry Irman, Brian Strubin, Timothy Kittle.

James E. Doyle, Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, for Defendant–Appellee Karen Livingood.

Michael Strizic, Denver, CO, pro se.

Robert J. Palmer, May, Oberfell & Lorber, South Bend, IN, pro se.

Before MANION, ROVNER, and EVANS, Circuit Judges.

MANION, Circuit Judge.

While investigating a domestic dispute, law enforcement officers uncovered a variety of illegal guns, grenades and detonators in Larry Copus' residence. A jury in federal district court convicted Copus on various weapons violations; the district court sentenced him to 97 months' imprisonment, which he is currently serving. This court affirmed Copus' conviction. Copus later filed a civil complaint under 42 U.S.C. § 1983 against numerous state officials, including the investigating officers. Copus' principal complaint is that the officers searched his home without a

warrant in violation of the Fourth Amendment of the United States Constitution; he seeks money damages relating to that violation. The district court initially converted Copus' § 1983 claim into a habeas claim under 28 U.S.C. § 2254, which the court immediately dismissed for failure to exhaust state remedies. On appeal, we vacated that decision and instructed the court to proceed in the usual fashion under § 1983, which included deciding whether Copus' suit was barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The district court answered that it was, but on appeal Copus' amicus curiae (appointed by us on his behalf) argues it is not. Because *Heck* does not bar a claim such as Copus', we reverse.

## I.

On March 13, 1994 the police arrived on Larry Copus' doorstep after they were summoned because of a domestic disturbance. They arrested both Copus and his wife but did not confiscate a gun involved in the dispute. After taking Copus and his wife to the police station, the arresting officer (Officer Meehan) returned to the Copus house and searched the first floor of the residence without a warrant. According to Meehan, he returned "to locate one of the weapons involved in the disturbance, to retrieve the weapons that were laying about the residence, and to provide adequate supervision for the two minor Copus children who remained at the residence waiting for their grandparents to arrive." Meehan seized several firearms from the house, including a modified rifle and hand-grenade parts.

Once at the police station, the arresting officers discovered that Copus was on probation. The police notified his probation officer, Karen Livengood, who issued a detainer (meaning Copus was not free to leave). Mrs. Copus was released, and in the evening of the next day she called the Edgerton Police Department and reported that she had located a gun involved in the earlier domestic dispute. The police showed up with ATF agents who confiscated more weapons. Copus was later convicted on federal weapons charges on the basis of the guns uncovered

by the police on the night of the dispute and the next day. He appealed his conviction on the federal charges, but this court affirmed. *See United States v. Copus*, 93 F.3d 269 (7th Cir.1996).

Copus filed a § 1983 action claiming that the Edgerton police violated his rights by illegally searching his home and seizing property without a warrant, and by illegally arresting him. He also sued his probation officer for improperly detaining him. The district court converted his claim into a § 2254 action and then dismissed it for failing to exhaust state remedies. This court reversed that decision and instructed the district court to reinstate the § 1983 claim. We also directed the district court to determine whether *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), required it to dismiss the suit on the ground that a judgment in favor of Copus would affect the validity of his confinement. But we also stated that some of Copus' claims might "well be maintainable." *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996). "Under *Heck* it is essential to determine whether the conduct complained of had an effect on the custody; if not, the damages action can proceed." *Id.*

On remand from this court, the district court dismissed the claim under *Heck*. It reasoned:

> In light of the court of appeals' opinion remanding this matter, plaintiff has recharacterized his claim, arguing that he seeks relief for the harm caused by the arrest and search independent of his conviction. Regardless, plaintiff still requests a ruling that his arrest and the subsequent searches of his home were illegal. Such a ruling necessarily draws into question the validity of his conviction. The March 13, 1994 arrest and search resulted in the seizure of a machine gun and silencer that were the basis for plaintiff's subsequent possession convictions. If the items were discovered and seized in violation of the Fourth Amendment, as plaintiff contends, the evidence should have been excluded from his criminal trial. *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Plaintiff has not argued that the

machine gun and silencer would have been admissible regardless of the alleged Fourth Amendment violation.

Now Copus—with assistance from his amicus—appeals the district court's dismissal of his suit on summary judgment.

## II.

The primary issue on appeal is whether Copus' § 1983 claim is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Under *Heck*, a "district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487, 114 S.Ct. 2364. Copus' underlying conviction on weapons charges has not been invalidated (in fact, we affirmed it on direct appeal, *see* 93 F.3d 269 (7th Cir.1996)). So the issue before us is whether the district court correctly concluded that a judgment in favor of Copus in his civil suit alleging an unlawful search and seizure under the Fourth Amendment necessarily would imply the invalidity of his confinement, which in large part was possible because of the fruits of that search. We review this legal question de novo, the same standard we apply in reviewing the district court's grant of summary judgment in favor of the defendants in this case. *See Larsen v. City of Beloit*, 130 F.3d 1278, 1281 (7th Cir. 1997).

We need not speculate concerning which claims under § 1983 would *not* "necessarily" imply the invalidity of a civil plaintiff's underlying conviction because the Supreme Court has answered this question. In *Heck*, the Court dropped a footnote to describe the type of action which, "even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," 512 U.S. at 487, 114 S.Ct. 2364:

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983

plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful.

*Id.* at n. 7 (internal citations omitted).

At first blush this footnote in *Heck* is a bit unclear. On the one hand, it could mean that some Fourth Amendment claims brought under § 1983 would not necessarily be barred if the record revealed the tainted evidence used against the plaintiff at the criminal trial would have been admitted anyway (e.g., under a theory of inevitable discovery). In that case the district court presumably would have to determine whether the record supported such a theory. On the other hand, the footnote might mean that Fourth Amendment claims for unlawful searches or arrests do not necessarily imply a conviction is invalid, so in all cases these claims can go forward. We need not wrestle here with these two interpretations because this circuit has chosen the second:

> [I]t is worth noting, to dispel any possible confusion, the difference between a suit premised as here on the invalidity of confinement pursuant to some legal process, whether a warrant, indictment, information, summons, parole revocation ..., and a suit that complains of official misconduct unrelated to legal process—an unconstitutional arrest without a warrant, the gratuitous beating of the arrested person.... In none of the [cited] cases in the second category [including Copus' § 1983 suit, remanded at 96 F.3d 1038]—official misconduct unrelated to legal process—is the unlawfulness of the plaintiff's being confined pursuant to legal process an implicit or explicit ingredient of his case. The principle of *Heck* is therefore inapplicable to those cases (as *Heck* itself makes clear, *see* 512 U.S. at 486–87 nn. 6, 7, 114 S.Ct. 2004).

*Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir.1997) (internal citations omitted).

On other occasions, we have more directly stated that *Heck* does not bar Fourth Amendment claims such as Copus'. *See, e.g., Gonzalez v. Entress*, 133 F.3d 551, 553 (7th Cir.1998) ("[t]his footnote [seven in *Heck*]

makes two points," the first being that "a violation of the fourth amendment does not necessarily impugn the validity of a conviction"); *Simpson v. Rowan*, 73 F.3d 134, 136 (7th Cir.1996) ("Because an illegal search or arrest may be followed by a valid conviction, a conviction generally need not be set aside in order for a plaintiff to pursue a § 1983 claim under the Fourth Amendment."). In other words, "a search can be unlawful but the conviction entirely proper, or the reverse, and ... some injury from a violation of the fourth amendment is unrelated to conviction." *Gonzalez*, 133 F.3d at 554. This is precisely why we have noted on several occasions that a claim under the Fourth Amendment for an unlawful search or arrest "may be brought immediately," *id.* at 553, meaning the defendant need not wait until criminal proceedings are concluded before filing suit. Similarly, we have held that a claim asserting a violation of the Fourth Amendment necessarily "accrues" at the time of the unlawful search or seizure, rather than at the conclusion of any criminal proceeding. *Id.*; *see also Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir.1996). The point is that it is possible for an individual to be properly convicted though he is unlawfully arrested, or his home unlawfully searched. The remedy for those constitutional violations is a civil action under § 1983 for money damages, which in a nutshell describes Copus' suit.

■ The facts of this case demonstrate why claims such as Copus' can proceed. Copus might have been convicted even if the district court presiding over his criminal trial had agreed that the police should have obtained a warrant before conducting their search of Copus' house on the night of his arrest.[1] It is quite possible that the court would have admitted the evidence uncovered during that search under the independent source and inevitable discovery doctrines.

After all, the record reveals that Copus consented to at least one search a day later, and his wife (who resided in the house with him) invited the police to search the home and pointed the police, along with ATF officers, to several additional firearms inside the house. Obviously we cannot turn back the clock, but the weapons discovered on the night of Copus' arrest may have been discovered during the later search allowed by Copus, or at least during the search prompted by his wife's phone call to the police. Even excluding the evidence uncovered on the night of Copus' arrest, it is also possible that the government may have been able to obtain Copus' conviction based solely on the guns lawfully seized in the following days. For our purposes, it is enough that these possibilities exist, for they tell us what we need to know under *Heck*—that we cannot say with certainty that success on Copus' § 1983 claim "necessarily" would impugn the validity of his conviction. Because *Heck* was the only basis for the court's dismissal of Copus' Fourth Amendment claims, we again remand those claims to the district court for further proceedings.[2]

■ Copus also sued his probation officer, Karen Livengood, for filing a detainer against him that was based on illegally seized evidence (the evidence discussed above). The district court dismissed Livengood from the suit on the ground that she enjoyed absolute immunity. The amicus appointed on Copus' behalf believes that the dismissal was appropriate and that any argument against it would be frivolous, and we agree. A parole officer enjoys absolute immunity for issuing an arrest warrant against a parolee so long as she does not participate in gathering the evidence forming the basis of the warrant, *Walrath v. United States*, 35 F.3d 277, 282 (7th Cir.1994). Basically all that

---

1. Of course the court possibly would have agreed only had Copus raised timely evidentiary objections during the criminal trial, and the amicus informs us that he did not.

2. While we—and the parties—have devoted much of our discussion to Copus' illegal search and seizure claim, the remand includes his illegal arrest claim as well. *See Booker*, 94 F.3d at 1056 ("[A] wrongful arrest claim, like a number

of other Fourth Amendment claims, does not inevitably undermine a conviction; one can have a successful wrongful arrest claim and still have a perfectly valid conviction."); *see also Simpson*, 73 F.3d at 136 ("Simpson's claims relating to an illegal search and an improper arrest are not barred by *Heck* because neither claim, if successful, would *necessarily* undermine the validity of his conviction.").

Livengood did was file the detainer (though acting as a probation, not parole, officer). *Walrath* governs this issue, and the district court's dismissal was appropriate. Copus also contends that the district court abused its discretion in not allowing him to amend his complaint and add new defendants to the case. A review of the record reveals that the district court merely wanted to delay adding any additional defendants until it was clear which of Copus' claims were barred by *Heck*. That's an issue we have now resolved, so on remand the court can consider Copus' proposal to amend his complaint before it proceeds with his case.

AFFIRMED in part and REVERSED and REMANDED in part.