**Jerry WOODARD, Plaintiff,**

v.

**Alicia EUBANKS, an individual, Chicago Police Department, et al., Defendants.**

**No. 99 C 7097.**

United States District Court, N.D. Illinois, Eastern Division.

May 8, 2000.

---

Ronald Gregory Draper, Chicago, IL, for Jerry L. Woodard.

Paula J. Green, Chicago, IL, for Alicia Eubanks.

David Mitchell Zinder, City of Chicago, Law Dept., Corp. Counsel, Chicago, IL, Joseph M. Polick, Susan E. Sullivan, City of Chicago, Dept. of Law, Chicago, IL, Stacy Ann Benjamin, City of Chicago, Dept. of Law, Chicago, IL, for L. Gray.

Joseph M. Polick, Susan E. Sullivan, City of Chicago, Dept. of Law, Chicago, IL, Stacy Ann Benjamin, City of Chicago, Dept. of Law, Chicago, IL, for L. Bunch.

Mara Stacy Georges, City of Chicago, Law Dept., Corp. Counsel, Chicago, IL, Allen Duarte, City of Chicago, Dept. of Law, Chicago, IL, for City of Chicago.

## MEMORANDUM OPINION AND ORDER

MORAN, Senior District Judge.

Plaintiff was arrested by the defendant officers upon the complaint of defendant Eubanks on August 10, 1997. The misdemeanor charge was stricken with leave to reinstate (SOL'd) on September 30, 1997, when neither of the officers nor Eubanks (who apparently had been given erroneous scheduling information) appeared in court. The case was later reinstated, apparently at the insistence of Eubanks, but neither the officers nor Eubanks appeared in court on October 31, 1997. The court then SOL'd the case again, on motion of the state, with the proviso that the case would not be reinstated.

On October 29, 1999, just under two years after the criminal case was last stricken, plaintiff filed this action. He, by his amended complaint, alleges a § 1983 claim of false arrest and malicious prosecution arising from a conspiracy involving all defendants; a state law malicious prosecution claim against the individual defendants; and an indemnity claim against the City of Chicago which, in the amended complaint, appears to include a custom or practice claim. The defendants have moved to dismiss. That motion is granted.

If we use October 31, 1997, as the date when plaintiff was exonerated, that is still far more than a year before suit was filed. The state law malicious prosecution claim against the City of Chicago and the police officers had to be filed within a year after the claim arose, pursuant to the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/8–101. Accordingly, the state law claims against the City of Chica-

go and the two officers are dismissed. We also note, in passing, that the Chicago Police Department is not a proper party (and we therefore dismiss it), that punitive damages cannot be assessed against the municipality on a § 1983 claim, and that a boilerplate allegation of a "custom, policy, and/or practice" is insufficient to invoke a *Monell* claim when the pleadings otherwise relate to a single instance.

■ That still leaves a malicious prosecution claim against Eubanks and a § 1983 claim against the individuals with both a false arrest and a malicious prosecution component. The § 1983 claim has a two-year limitations period, and the initial arrest was more than two years before filing. Plaintiff advances some creative reasons why the time should be tolled until October 31, 1997, or even until the limitations period ran on the misdemeanor charge, but we think it beyond argument that the claim arose on August 10, 1997. *See Gonzalez v. Entress*, 133 F.3d 551 (7th Cir. 1998). The § 1983 claim for false arrest is dismissed against all defendants.

■ The malicious prosecution claim, whether as an independent state law claim against Eubanks or as a component of the § 1983 claim against the individual defendants, is another matter. A § 1983 claim for malicious prosecution must satisfy the requirements of a state law cause of action for malicious prosecution (and involve state actors. We assume for now that the conspiracy allegations relating to the officers and Eubanks is sufficient for that purpose). The proceedings must terminate in favor of the plaintiff in a manner indicative of the plaintiff's innocence. Plaintiff contends that he was exonerated on October 27, 1997, when the court SOL'd the charge upon motion of the state with a direction that it not be reinstated. Defendants disagree.

■ Whether or not disposition by SOL is a favorable termination indicative of innocence for the purposes of a malicious prosecution claim is a question of Illinois law. And, we think, Illinois law clearly establishes that disposition by SOL will not support a malicious prosecution claim. *See Adenekan v. Chicago Police Officers*, 1996 WL 734705 (N.D.Ill.); *Ingram v. Jones*, 1995 WL 745849 (N.D.Ill.). Accordingly, the remaining claims based upon malicious prosecution are dismissed.