Thomas A. O'NEILL, Plaintiff–
Appellant,

v.

David T. BURKS, et al., Defendants–
Appellees.

No. 00–3269.

United States Court of Appeals,
Seventh Circuit.

Submitted June 18, 2001.*

Decided June 18, 2001.

* The appellees notified this court that they were never served with process in the district court and would not be participating in this appeal, which thus has been submitted without a brief from the appellees. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

Before MANION, ROVNER, and EVANS, Circuit Judges.

## ORDER

Indiana prisoner Thomas O'Neill appeals the dismissal without prejudice of his civil rights complaint alleging that the defendants coerced a confession admitted at his trial. We affirm the dismissal but modify it to be with prejudice.

In 1991 O'Neill was convicted in the Superior Court of Marion County of four counts of robbery, and also was found to be an habitual offender under Indiana law. He was sentenced to thirty-eight years' imprisonment. In 1993 O'Neill filed a complaint seeking damages under 42 U.S.C. § 1983 alleging that police detective David Burks coerced his confession by falsely promising he would not be charged as an habitual offender if he confessed. O'Neill voluntarily dismissed to pursue his state post-conviction remedies. O'Neill then re-filed his complaint in June 2000, adding as defendants two prosecutors and the State of Indiana. The district court dismissed, concluding that O'Neill's claim was premature under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because the relief sought would directly impugn the validity of his conviction, which was never reversed, expunged

or otherwise invalidated. Our review is de novo, and we view O'Neill's allegations in the light most favorable to him, drawing all inferences in his favor. *See Stachon v. United Consumers Club, Inc.,* 229 F.3d 673, 675 (7th Cir.2000).

On appeal O'Neill purports to challenge both dismissals. But we have no jurisdiction to review the 1993 dismissal because O'Neill failed to appeal it within thirty days as Federal Rule of Civil Procedure 4(a) requires. *See Bell v. Eastman Kodak Co.,* 214 F.3d 798, 800 (7th Cir. 2000). And we note that O'Neill could not have appealed the 1993 dismissal because it was granted at his own request. *See Boland v. Engle,* 113 F.3d 706, 714 (7th Cir.1997). As for the dismissal in this case, O'Neill contends that he should have been permitted to pursue his claim because he "exhausted" his state remedies as he thinks is required by the Supreme Court's decision in *Heck.*

At the outset we note that O'Neill apparently has misinterpreted *Heck* to be an exhaustion rule. It is not. Rather, *Heck* is an accrual rule; a damages claim that "necessarily demonstrates the invalidity of [a] conviction" may not be brought so long as the conviction stands. *Heck,* 512 U.S. at 486–87; *see also Gonzalez v. Entress,* 133 F.3d 551, 553 (7th Cir.1998). Thus, it matters not that O'Neill has exhausted his state post-conviction remedies.

Still, O'Neill is correct that his suit is not barred by *Heck.* A damages claim is not premature under *Heck* when the alleged constitutional violation underlying the claim is subject to doctrines like independent source, inevitable discovery and harmless error; when those doctrines apply a successful claim would not inevitably undermine the conviction. *See Heck,* 512 U.S. at 487 n.7; *Gonzalez,* 133 F.3d at 553–54; *cf. Booker v. Ward,* 94 F.3d 1052, 1056 (7th Cir.1996) ("[A] wrongful arrest claim, like a number of other Fourth Amendment claims, does not inevitably undermine a conviction; one can have a successful wrongful arrest claim and still have a perfectly valid conviction."). Because the harmless error doctrine applies to coerced confessions, *see Arizona v. Fulminante,* 499 U.S. 279, 310–11, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991); *Jackson v. Suffolk County Homicide Bureau,* 135 F.3d 254, 257 (2d Cir.1998), the district court erred in concluding that O'Neill's claim is premature under the Supreme Court's decision in *Heck. See Simmons v. O'Brien,* 77 F.3d 1093, 1095 (8th Cir.1996) ("Because harmless error analysis is applicable to the admission at trial of coerced confessions, judgment in favor of Simmons on this § 1983 action will not *necessarily* demonstrate the invalidity of his conviction." (emphasis in original)).

Nonetheless, our decision does not spare O'Neill's claim. Because it was not barred by *Heck,* O'Neill was required to bring the claim immediately. *See Apampa v. Layng,* 157 F.3d 1103, 1105 (7th Cir.1998). In Indiana, a two-year statute of limitations applies to claims brought under § 1983. *See Snodderly v. R.U.F.F. Drug Enforcement Task Force,* 239 F.3d 892, 895 (7th Cir.2001). O'Neill's claim accrued in the early 1990s when, he alleges, the defendants fraudulently obtained his confession, and the limitations period thus expired long ago. Accordingly, we modify the judgment to be with prejudice.

AFFIRMED as MODIFIED.