# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 03-1490

REGINALD WILEY,

*Plaintiff-Appellant,*

*v.*

CITY OF CHICAGO and BRODERICK JONES, #17432,
CHICAGO POLICE OFFICER,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 02 C 6076—**Paul E. Plunkett**, *Judge.*

_____

ARGUED NOVEMBER 12, 2003—DECIDED MARCH 22, 2004

_____

Before BAUER, MANION, and ROVNER, *Circuit Judges.*

MANION, *Circuit Judge.* Reginald Wiley alleges that for
several years Chicago police officer Broderick Jones has
been framing innocent citizens and arresting them without
cause. According to Wiley, Jones's routine in each case is the
same: he and his partner approach a suspected drug dealer;
if a search fails to reveal any incriminating evidence, they
plant drugs on him and profess that he was engaged in
illegal activity. Wiley claims that in January 2000 he was the
victim of one of Jones's frame-ups. He was arrested and
prosecuted for possession of narcotics, though the charge

was eventually dismissed in July 2002. One month later Wiley sued Jones and the City of Chicago under 42 U.S.C. § 1983 for "wrongful prosecution," alleging that Jones fabricated evidence in order to arrest him and thereafter misrepresented his guilt to prosecutors. Wiley further alleged that Jones was able to accomplish his misdeeds by virtue of the City's deliberate indifference to its officers' conduct.

The district court dismissed Wiley's suit for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The court understood Wiley to be asserting that he was prosecuted without probable cause, a cause of action under § 1983 that we rejected in *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001). The court allowed that even if Wiley did not have a claim in federal court for wrongful or malicious prosecution, the alleged conduct might still be actionable if it violated a substantive constitutional right, like the due process right to a fair trial. But despite Wiley's contention that his fair trial rights had been violated, the court concluded that Wiley did not have any such claim. Wiley moved to amend the judgment, Fed. R. Civ. P. 59(e), arguing that the court had overlooked his Fourth Amendment claim against Jones. The district court construed Wiley's Fourth Amendment claim as one for false arrest and denied the motion. Citing *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892 (7th Cir. 2001), the court held that any Fourth Amendment cause of action against Jones began to accrue at the time of arrest and so Wiley's claim—filed more than two years after his arrest—was untimely, *Gonzales v. Entress*, 133 F.3d 551, 554 (7th Cir. 1998) (statute of limitations on civil rights action is two years in Illinois).

On appeal both parties agree that if Jones arrested Wiley on the basis of planted "evidence," Wiley would have a Fourth Amendment claim for false arrest. What the parties

dispute is *when* Wiley's claim began to accrue. Wiley argues that the two-year statute of limitations did not begin to run until the charges against him were dismissed; the defendants maintain that his claim began to accrue at the time of the arrest and must now be barred as untimely.

We begin with first principles and therefore start our discussion with *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* bars any suit for damages premised on a violation of civil rights if the basis for the suit is inconsistent with or would undermine the constitutionality of a conviction or sentence. *Id.* at 486-87. Should success in a civil suit necessarily imply the invalidity of a conviction or sentence, *Heck* requires the potential plaintiff to wait until his conviction is nullified before bringing suit. *Id.* This rule applies not only to convicted persons but also to plaintiffs like Wiley who as yet only face prosecution. *Gonzales*, 133 F.3d at 553. "If success on the [defendant's] claims would have necessarily implied the invalidity of a potential conviction on the . . . charge, then [defendant's] claims did not accrue until the day on which the . . . charge was dismissed." *Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1997). So if a prisoner or an individual facing prosecution seeks damages using § 1983 for an alleged violation of his civil rights, a district court must first determine whether "a judgment in favor of the plaintiff would necessarily imply the invalidity" of the plaintiff's actual or potential conviction. *Heck*, 512 U.S. at 487. If it would, then the suit is barred and the complaint must be dismissed. *Id.*

Following *Heck*, this court has often held that civil rights claims of false or wrongful arrest arising out of the Fourth Amendment begin to accrue at the time of arrest regardless of subsequent proceedings. *See, e.g.*, *Copus v. City of Edgerton*, 151 F.3d 646, 648-49 (7th Cir. 1998); *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996); *Simpson v. Rowan*, 73 F.3d

134, 136 (7th Cir. 1995). The rationale behind this approach is that a wrongful arrest claim does not necessarily undermine a conviction; "one can have a successful wrongful arrest claim and still have a perfectly valid conviction." *Booker*, 94 F.3d at 1056; *see also Gonzales*, 133 F.3d at 553; *Washington*, 127 F.3d at 556. Therefore, generally speaking, claims for wrongful arrest may be brought immediately because "the injury of being detained illegally is compensable regardless of whether the plaintiff is later convicted or even prosecuted." *Snodderly*, 239 F.3d at 897.

But this general approach must not be understood as a rule to be applied in every case. The defendants urge us to view our cases such as *Booker*, *Washington*, and *Gonzales* as creating an invariable rule that false arrest claims under the Fourth Amendment accrue at the time of arrest. Such may be the case most of the time, but not always. For while we recognize that discussion in our earlier decisions may have implied such a rule, *see Gauger v. Hendle*, 349 F.3d 354, 361 (7th Cir. 2003), the accrual of the civil rights claims brought in this and other cases is ultimately governed by the Supreme Court's decision in *Heck*. And as we recently explained in *Gauger*, because "sometimes a successful challenge to a false arrest can indeed impugn the validity of the plaintiff's conviction," *Heck* may in fact occasionally bar a civil rights claim premised on a false or wrongful arrest. *Id.* As a result, plaintiffs complaining of false arrest will sometimes have to wait until their criminal charge or conviction is set aside or dismissed before they can bring suit. *See id.*

This may be one of those times. If, as alleged, Wiley was arrested and prosecuted solely on the basis of drugs planted by the arresting officers, then any attack on the arrest would necessarily challenge the legality of a prosecution premised on the planted drugs. *See id.* at 362. Therefore, any civil suit against Officer Jones for a false arrest would necessarily

imply the invalidity of a potential conviction, and *Heck* requires that Wiley's Fourth Amendment claim would not begin to accrue until the charges were dismissed. *See Heck*, 512 U.S. at 489-90; *Washington*, 127 F.3d at 556. Of course had Wiley been prosecuted on evidence (other than the planted drugs) that would not be invalidated if he success-fully challenged his arrest, then Wiley's false arrest claim would not be barred by *Heck* and would be untimely. *See Gonzales*, 133 F.3d at 553-54. Because at this stage in the proceedings we accept Wiley's allegations as true, *see McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003), we remand this case with instructions to reinstate Wiley's Fourth Amendment claim against Jones for false arrest.

The conclusion we reach here is supported by our recent decision in *Gauger*. Gary Gauger had been convicted of murder based on statements he made to detectives during an 18-hour interrogation. *Gauger*, 349 F.3d at 356-57. His conviction was overturned on grounds that his statements were inadmissible because the officers lacked probable cause to arrest him in the first place. *Id.* at 357. Although more than two years had passed from the time of his un-lawful arrest until the filing of his § 1983 complaint, we deemed Gauger's claim timely. *Id.* at 362. For Gauger to attack his arrest, we reasoned, "was implicitly to challenge the legality of his conviction, which rested crucially on the statements that he made to the police when he was ques-tioned after being arrested." *Id.* at 361. Therefore, because *Heck* barred him from challenging his arrest until he had his conviction overturned, his false arrest claim did not begin to accrue until he had done so. *Id.* at 361-62. Similarly here, if Wiley's attack on his arrest would challenge the only evidence supporting a potential conviction, then his claim did not begin to accrue until the charges were dismissed in July 2002. *See id.*

For guidance on remand, we also consider the scope of Wiley's claim. Wiley contends that his Fourth Amendment claim encompasses not only the false arrest but also his subsequent "wrongful prosecution," which Jones allegedly initiated and extended by lying to prosecutors. Wiley argues that we should consider him to have been wrongfully detained under the "continuing seizure" approach set forth by Justice Ginsburg, who suggested that a defendant ought to be considered "seized" under the Fourth Amendment "so long as he is bound to appear in court and answer the state's charges." *Albright v. Oliver*, 510 U.S. 266, 279 (1994) (Ginsburg, J., concurring).

But we have repeatedly rejected the "continuing seizure" approach. *McCullah*, 344 F.3d at 661; *Lee v. City of Chicago*, 330 F.3d 456, 463 (7th Cir. 2003); *Reed v. City of Chicago*, 77 F.3d 1049, 1052 n.3 (7th Cir. 1996); *Wilkins v. May*, 872 F.2d 190, 194 (7th Cir. 1989). Instead, we have held that the scope of a Fourth Amendment claim is limited up until the point of arraignment; "the interest in not being prosecuted groundlessly is not an interest that the Fourth Amendment protects." *Gauger*, 349 F.3d at 362-63. Once arraigned, the prosecution is underway. If that prosecution is at some point deemed malicious, then it "is not a constitutional tort unless the state provides no remedy for malicious prosecution." *Id.* at 359. But at oral argument Wiley's counsel insisted that his case was not one for malicious prosecution.

One final matter remains. Although Wiley alleged in his complaint that the City of Chicago was deliberately indifferent to the misconduct of its police officers, he has waived this claim by failing to advance it on appeal. *See Duncan v. Wis. Dep't of Health & Family Serv.*, 166 F.3d 930, 934 (7th Cir. 1999).

We therefore remand this case to the district court with instructions to reinstate Wiley's Fourth Amendment false arrest claim against Officer Jones. The scope of this claim,

should Wiley prevail on its merits, is limited to the time from his arrest until he was charged.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*