NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 21, 2007[*]
Decided February 22, 2007

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** RICHARD A. POSNER, Circuit Judge

**Hon.** TERENCE T. EVANS, Circuit Judge

No. 06-2388

PRINCE E. FORYOH,
    *Plaintiff-Appellant*,

*v.*

REGINA HANNAH-PORTER,
    *Defendant-Appellee*.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 05 C 2975
Mark Filip, *Judge*.

## Order

Prince Foryoh alleges that on July 10, 2001, police stopped his car without reason, ordered him out, searched the car, and arrested him using excessive force. He was released a few hours later. Criminal charges were filed but dismissed. On May 18, 2005, Foryoh filed this suit under 42 U.S.C. §1983 against Regina Hannah-Porter, one of the arresting officers. The district court held that the suit is untimely and granted judgment in defendant's favor.

Foryoh's claim for wrongful arrest accrued when he was released from custody on July 10, 2001. See *Wallace v. Kato*, No. 05-1240 (U.S. Feb. 21, 2007). Claims based on excessive force and unlawful search accrued a few hours earlier the same day, as soon as Foryoh sustained injury from these wrongs. See *Copus v. Edgerton*,

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

151 F.3d 646 (7th Cir. 1998); *Gonzales v. Entress*, 133 F.3d 551 (7th Cir. 1998). Foryoh did not file suit until almost four years later. Although he maintains that this court should use the five-year residual statute of limitations under Illinois law, see 735 ILCS 5/13-205, we have held that the limit for §1983 claims in Illinois is two years, not five. See *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006); *Kalimara v. Illinois Department of Corrections*, 879 F.2d 276 (7th Cir. 1989). We see no reason to overrule those decisions.

AFFIRMED