NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 26, 2017[*]
Decided May 26, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3031

| | |
|---|---|
| VICTOR WATKINS, | Appeal from the United States |
| *Plaintiff-Appellant*, | District Court for the Northern |
| | District of Illinois, Eastern Division. |
| *v.* | |
| | No. 13 C 9239 |
| ANTHONY MARTIN, | |
| *Defendant-Appellee*. | James B. Zagel, |
| | *Judge*. |

**O R D E R**

Victor Watkins was arrested and charged with burglary in Illinois in 2013. He moved the state court to quash the arrest, but the court found that probable cause existed to arrest Watkins and denied his motion. After Watkins was found guilty, he brought this action against police officer Anthony Martin under 42 U.S.C. § 1983, seeking damages and claiming that Martin arrested him without probable cause. The district

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

court granted summary judgment for Martin, reasoning that Watkins is precluded from relitigating the state court's finding that his arrest was supported by probable cause. We agree and affirm the judgment.

The victim of the burglary, Donita Nurse, discovered that someone had broken into her car and stolen beauty products and medication. She later noticed blood inside the car and drove it to a police station. The police swabbed the blood and ran a forensic test, which revealed a DNA match to Watkins. A detective, Daniel Freeman, later interviewed Nurse, who told him that she did not know Watkins and had never given him permission to enter her car. Based on this information, Officer Martin arrested Watkins without first getting a warrant.

Watkins was charged with burglary and moved to quash the arrest for lack of probable cause. At a hearing on his motion, Watkins questioned Officer Martin and Detective Freeman about their investigation before his arrest. After eliciting testimony that Martin had not interviewed Nurse personally and that Nurse had not signed the criminal complaint, Watkins argued that the DNA match was the only evidence supporting probable cause and was insufficient. The trial court concluded, however, that probable cause existed, not only because Watkins's blood had been found in the burgled car, but also because Nurse had denied giving him permission to be in the car. Watkins moved the court to reconsider, but then decided to proceed to trial.

A bench trial ensued, and the state introduced the same evidence presented at the pretrial hearing. Nurse described the car as she found it after the burglary—a broken window and blood on the inside of the door—and testified that she did not know Watkins and had never given him permission to enter her car. An evidence technician also explained how he swabbed the blood for biological testing. And the parties stipulated that the forensic test produced a DNA match to Watkins. Based on this evidence the judge found Watkins guilty and sentenced him to 12 years' imprisonment.

Watkins appealed but did not challenge the trial court's probable-cause determination. *See Illinois v. Watkins*, No. 1-13-3816, 2015 WL 7965507 (Ill. App. Ct. Dec. 4, 2015) (affirming conviction and sentence), *review denied* 48 N.E.3d 1096 (Ill. Mar. 30, 2016). Instead, Watkins filed this § 1983 action alleging that Officer Martin arrested him without probable cause. Martin moved to dismiss the suit as barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), arguing that a decision favorable to Watkins would undermine the validity of his burglary conviction. The district court denied Martin's motion, explaining that the limited information available to the court did not

show conclusively that Watkins's arrest was premised on the same information used to convict him at trial. Later, in moving for summary judgment, Martin abandoned his *Heck* defense and focused instead on the doctrine of issue preclusion. The district court ruled for Martin on that ground, reasoning that Watkins's claim under the Fourth Amendment is precluded by the state court's finding that the police had probable cause to arrest.

On appeal Watkins continues to insist that Officer Martin lacked probable cause to arrest him; he says there is "absolutely no evidence the crime ever occurred." The problem for Watkins, however, is that the record now shows that the state judge already found that the same evidence—Watkins's blood in the car and Nurse's statement that she did not know him and never gave him permission to be in her car—was enough, not only for probable cause, but also to prove guilt beyond a reasonable doubt. Watkins's Fourth Amendment claim, therefore, necessarily implies the invalidity of Watkins's burglary conviction. Martin, as it turns out, was correct that *Heck* would bar the claim (though he does not press this defense on appeal). *See Haywood v. Hathaway*, 842 F.3d 1026, 1029 (7th Cir. 2016) (explaining that *Heck* bars § 1983 claims inconsistent with the validity of a conviction); *Wiley v. City of Chicago*, 361 F.3d 994, 997 (7th Cir. 2004) (reasoning that *Heck* would bar claim of false arrest if arrest and prosecution were based on same evidence).

Even so, Watkins's claim still is doomed because, as the district court concluded, the doctrine of issue preclusion prevents Watkins from relitigating whether Officer Martin had probable cause to arrest him. In Illinois, an issue litigated in a prior proceeding may not be relitigated if the issues are identical, there was a final adjudication on the merits, and the party to be precluded was a party to the prior adjudication. *See Allen v. McCurry*, 449 U.S. 90, 103–04 (1980); *Brown v. City of Chicago*, 599 F.3d 772, 774 (7th Cir. 2010); *Talarico v. Dunlap*, 685 N.E.2d 325, 328 (Ill. 1997). Watkins, rightly, does not dispute that all these criteria are met—the state court specifically determined before Watkins's trial that probable cause existed for the arrest. Instead he argues that issue preclusion should not apply because, he insists, he did not receive the required "full and fair opportunity" to litigate the claim. *See Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 480–83 (1982); *Talarico*, 685 N.E.2d at 328. Watkins was denied this opportunity, he says, because of alleged defects in the pretrial hearing: Nurse did not testify, Freeman withheld a report stating that he hadn't been able to contact her but would try again, and the prosecutor withheld photos of the car and blood. But the record demonstrates that Watkins was given a full and fair opportunity to litigate the issue of probable cause. *See, e.g., Brown*, 599 F.3d at 775–76 (explaining that exclusion of evidence with low probative value and high risk of unfair prejudice did not deprive plaintiff of

full and fair hearing); *Guenther v. Holmgreen*, 738 F.2d 879, 885–86 (7th Cir. 1984) (concluding that adversarial preliminary hearing on question of probable cause satisfied due process). At the evidentiary hearing on his motion to quash the arrest, Watkins examined Officer Martin and Detective Freeman about their investigation and contact with the victim before Watkins was arrested. And at a hearing on his motion to reconsider, Watkins declined the trial court's invitation to call additional witnesses and present more evidence. Accordingly, we agree with the district court that Watkins is precluded from relitigating the issue of probable cause.

AFFIRMED.