NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 10, 2020[*]
Decided November 19, 2020

**Before**

DIANE S. SYKES, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 19-2805

| | |
|---|---|
| JOHN D. HAYWOOD , | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 18-cv-524-SMY-RJD |
| | |
| LUCAS MAUE, | Staci M. Yandle, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

John Haywood, an Illinois inmate, appeals the entry of summary judgment against him in his suit for alleged constitutional violations stemming from an altercation with another inmate. Because Haywood did not exhaust his administrative remedies, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In 2018 Haywood sued corrections officer Lucas Maue under 42 U.S.C. § 1983 for an incident that occurred four years earlier while he was incarcerated at Menard Correctional Facility in Chester, Illinois. According to Haywood's complaint, Maue incited him to fight his cellmate for possession of the bottom bunk and then put him in a chokehold, causing injuries. Haywood filed an emergency grievance with the warden, who forwarded it to a grievance officer. The grievance officer denied the grievance on September 2, 2014, and the chief administrative officer concurred with that ruling six days later. The grievance officer's report notified Haywood that he had 30 days from the date of the chief administrative officer's decision to appeal to the Administrative Review Board. Although Haywood signed and dated his appeal September 11, 2014, the Board received the appeal on October 23—45 days after the date of the chief administrative officer's decision. The Board returned the appeal as untimely.

The district judge referred Haywood's complaint to a magistrate judge for a hearing under *Pavey v. Conley,* 663 F.3d 899, 904 (7th Cir. 2011), to determine whether Haywood exhausted his administrative remedies before filing suit as required by 42 U.S.C. § 1997e(a). After a hearing the magistrate judge determined that Haywood's appeal to the Board was untimely, that his testimony about not receiving the chief administrative officer's decision until mid-October was disingenuous and not credible, that he failed to exhaust his administrative remedies before filing this suit, and that his complaint otherwise was barred by Illinois's two-year statute of limitations for personal-injury actions. *See* 735 ILL. COMP. STAT. 5/13-202.

Haywood argues that his late appeal to the Board should be excused because copies of the grievance officer's denial were withheld from him while he was being transferred between cells. We cannot meaningfully review Haywood's argument, however, because he failed to supplement the record with a transcript of the *Pavey* hearing. *See* FED. R. APP. P. 10(b)(2); *Morisch v. United States*, 653 F.3d 522, 529 (7th Cir. 2011). Regardless, Haywood failed to develop any argument over why the magistrate judge needed to credit his version of events. Given the clear-error standard with which we review the district court's factual findings, Haywood has given us no reason to think that a mistake has been committed. *See Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018); *Pavey*, 663 F.3d at 904.

As for the court's additional ruling that Haywood's complaint was barred by Illinois's two-year statute of limitations, Haywood argues that the accrual date for his excessive-force claim should be tolled because prison medical staff concealed his injuries. But as Maue asserts, Haywood did not object to—and thereby waived his right

to object to—the magistrate judge's recommendation that his claim accrued on November 5, 2014. *See* FED. R. CIV. P. 72(a); *Banco Del Atlantico, S.A. v. Woods Indus. Inc.*, 519 F.3d 350, 354 (7th Cir. 2008). In any event, the date of discovery of an injury is irrelevant to accrual because excessive-force claims are "immediately" actionable from the date of the incident. *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010); *Gonzalez v. Entress*, 133 F.3d 551, 555 (7th Cir. 1998).

We have considered Haywood's remaining arguments, and none has merit.

AFFIRMED