**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 18, 2021[*]
Decided June 25, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2750

| | |
|---|---|
| ANTONIO MAYS,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 18-CV-1769 |
| TRACY JOHNSON,<br>    *Defendant-Appellee*. | William E. Duffin,<br>*Magistrate Judge*. |

## O R D E R

After his probation and parole agent sought to revoke his extended supervision and have him taken into custody, Antonio Mays sued her under 42 U.S.C. § 1983 for lacking any legitimate reason to take such steps. The district court concluded that the officer was entitled to absolute immunity and entered summary judgment in her favor. We affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

In March 2018, while on community supervision (following a prison term for armed robbery), Mays was implicated in a double homicide. His probation and parole agent, Tracy Johnson, initiated proceedings to revoke his supervision and then had him detained on a "revocation hold." She alleged four violations of his release conditions—two related to the homicides, one for possessing a gun, and one for lying to police. After a hearing, an administrative law judge with the State of Wisconsin Division of Hearings and Appeals declined to revoke Mays's supervision. The ALJ found the evidence sufficient to prove only that Mays had lied to the police—a violation that did not on its own justify revocation. That decision was upheld on appeal.

Although Mays's revocation hold was lifted in late July, he remained in custody another two months while criminal charges related to the double homicide were pending. When he posted bail and was released, a different probation and parole agent was temporarily assigned to supervise him in the community.

Meanwhile, Johnson had received lab results showing that Mays's DNA was found on two firearms linked to the homicides. Based on this new evidence, Johnson moved successfully to reopen revocation proceedings. On October 8, Johnson issued a warrant (an "apprehension request" under Wisconsin's terminology) for Mays's arrest, and he was taken back into custody. Eleven days later, Mays was convicted by a jury in the double homicide trial. Johnson withdrew the revocation petition and filed a new one based on the convictions. After a second hearing, Mays's supervision was eventually revoked, and he received a 10-year sentence with credit for the 11 days served after returning to custody.

Mays brought this suit against Johnson, asserting that she subjected him to additional incarceration without justification—in violation of the Eighth Amendment—when she had him arrested based on the charges he had "beaten" in the first revocation hearing. Because Johnson did not allege any new violations since his first revocation hearing, Mays argued that she lacked a legitimate basis to revoke his supervision and have him arrested. In Mays's view, Johnson's persistence in pursuing revocation, even after a new probation and parole agent had taken over his day-to-day supervision, amounted to harassment and exposed the illegitimacy of her actions. He sought money damages for the 11 days spent in custody before his conviction.

The district court entered summary judgment for Johnson on immunity grounds. The court concluded that Johnson, in recommending the revocation of Mays's

supervision and his incarceration, was performing a "quasi-judicial function" and therefore protected by absolute immunity.

On appeal, Mays maintains that Johnson effectively lost any immunity after another agent was assigned to oversee his day-to-day supervision. He also continues to assert that she caused him to be arrested for violations that she knew he previously had "won on."

We apply a "functional approach" to decide whether the actions of a government official warrant absolute immunity, looking to "the nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (internal citation omitted); *Jones v. Cummings*, No. 20-1898, 2021 WL 2134298, at *4 (7th Cir. May 26, 2021). Absolute immunity shields, for example, a prosecutor's conduct as an advocate that is "intimately associated with the judicial phase of the criminal process," such as initiating a prosecution and presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). But absolute immunity does not extend to a parole officer who investigates a charge and then prepares a violation report for a revocation; such conduct lacks a "prosecutorial or judicial analog." *Wilson v. Kelkhoff*, 86 F.3d 1438, 1446 (7th Cir. 1996); *see also Dawson v. Newman*, 419 F.3d 656, 662 (7th Cir. 2005) (declining to extend absolute immunity to parole officers for performing their day-to-day duties in the supervision of a parolee).

With regard to Johnson's actions to initiate revocation proceedings, she is entitled to absolute immunity. Her acts are closely associated with the quasi-judicial phase of the criminal process. *See Tobey v. Chibucos*, 890 F.3d 634, 650 (7th Cir. 2018) (probation officer engaged in quasi-judicial function by filing memoranda requesting that state's attorney begin proceedings to revoke probation). Under the applicable Wisconsin regulations, *see* WIS. ADMIN. CODE DOC § 331.03(2), parole agents have the discretion to decide how they will proceed after investigating an alleged parole violation; they might recommend revocation, resolve the matter in an informal counseling session, or come up with another solution altogether. The record reflects that Johnson exercised that discretion when she sought revocation of Mays's supervision based on the lab's DNA results. "[F]iling requests for revocation are not violations of section 1983; they are [part of] the job description for the often thankless job of probation officer." *Tobey*, 890 F.3d at 650.

Johnson is likewise entitled to absolute immunity for her decision to issue an apprehension request to have Mays taken into custody. Parole officers are absolutely

immune, we have reiterated, for the quasi-judicial activity of signing an arrest warrant, provided they were not involved in preparing the evidence that formed the basis of the warrant. *See id.* at 650; *Dawson*, 419 F.3d at 662; *Copus v. City of Edgerton*, 151 F.3d 646, 649 (7th Cir. 1998); *Walrath v. United States*, 35 F.3d 277, 282 (7th Cir. 1994). As we have explained, a parole officer's issuing of an arrest warrant for a parole violation has judicial characteristics: "[I]t involves the exercise of discretion in applying the law to the facts of a particular case, poses a heightened risk of vexatious litigation, and is 'open to correction through ordinary mechanisms of review.'" *Walrath,* 35 F.3d at 282. *Contra Washington v. Rivera*, 939 F.3d 1239, 1243–44 (11th Cir. 2019) (collecting cases and holding that parole officers' decisions to issue warrants were entitled to only qualified immunity). Johnson's act of signing the apprehension request was an exercise of discretion based on the DNA report she obtained from the lab, and as such is shielded by absolute immunity.

Lastly, to the extent Mays believes that Johnson initiated revocation proceedings and arranged his arrest to harass him, her motives are irrelevant if—as we have concluded—she is entitled to absolute immunity. *See Tobey*, 890 F.3d at 649. But, regardless we note that even if Johnson were not entitled to immunity, Mays's claims would fail on the merits. He has no basis for a § 1983 claim for the 11 days he spent in custody before his conviction because that time was credited to a lawful sentence. *See Ewell v. Toney*, 853 F.3d 911, 917 (7th Cir. 2017).

AFFIRMED