(No. 55479.—

PHILLIPS PRODUCTS COMPANY, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Raymond C. Benjamin, Appellee).

*Opinion filed February 18, 1983.*

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Karl M. Tippet and D. Kendall Griffith, of counsel), for appellant.

Anesi, Ozmon, Lewin & Associates, Ltd., of Chicago (Charles E. Anesi, Richard A. Lewin, and Arnold G. Rubin, of counsel), for appellee.

JUSTICE CLARK delivered the opinion of the court:

On May 28, 1975, Raymond C. Benjamin was working for the Phillips Products Company, Inc. (Phillips), in the same capacity as material handler and mixer in which he had been employed for the previous five months. Mr. Benjamin (the claimant) worked the 3 p.m. to midnight shift. At 10 p.m. on May 28, he struck his right leg on a corrugated drum scratching his leg above the knee.

He worked the next day. The following day, Friday, was a holiday. He did not return to work until Monday and worked both Monday and Tuesday. At that point he said

that pain began to shoot down his right leg to his toes and that his toes were turning black and red and were burning.

The claimant was admitted to the Veterans Administration Hospital at Hines, Illinois, on June 4, 1975, complaining of pain and discoloration of his right toes. He remained in the hospital from June 4, 1975, through March 31, 1976, undergoing several operations which culminated in an amputation above the right knee on September 18, 1975.

Dr. Gerald Owen's medical report was introduced into evidence on behalf of the claimant and concluded that, "[a]s a result of the injuries sustained, this individual has suffered the total industrial loss of the use of his right lower extremity. As a result of these injuries, he is totally incapacitated from his work."

The claimant was also examined on behalf of Phillips by Dr. Warren Clohisy. Dr. Clohisy's report was introduced into evidence and concluded that in view of the claimant's medical history "it is questionable if the incident in question had anything to do with the amputation which was eventually performed."

Mr. Benjamin filed a claim for compensation on June 15, 1978. The arbitrator awarded the claimant $80 per week for 304 weeks, one week at $70.40 and thereafter an annual pension of $2,954.88. Phillips was also ordered to hold claimant harmless for services rendered by the Veterans Administration hospital in the amount of $38,354.

At the time the claimant was injured, section 6 of the Workmen's Compensation Act provided that injured employees must file their claims within one year of the last payment date, if compensation was paid. (Ill. Rev. Stat. 1973, ch. 48, par. 138.6(c)(3).) This statute was amended on July 1, 1975, when the claim was still alive under the prior statute, to allow claims to be filed within three years of the last payment, if compensation was paid. Ill. Rev.

Stat. 1975, ch. 48, par. 138.6(c)(2).

The statute was again amended effective October 1, 1976, to provide that a claim could be filed within two years of the last payment of benefits, if compensation was paid. (Ill. Rev. Stat. 1977, ch. 48, par. 138.6(c)(2).) Mr. Benjamin received his last payment of compensation through his group insurance on October 1, 1975. The claim for compensation was filed approximately two years and eight months later. If the October 1, 1976, amendment applies to Mr. Benjamin's claim, he would have been barred as of October 1, 1977; but if the July 1, 1975, amendment applied, his claim would have been timely filed.

If the October 1976 amendment does not apply retroactively, it is clear that the July 1, 1975, amendment would be applicable. The July 1975 amendment had expanded the limitation period from one to three years. (Ill. Rev. Stat. 1975, ch. 48, par. 138.6(c)(2).) Any amendment that extends a statute of limitations is applicable provided that the extension does not revive a cause of action which had already been barred by the expiration of the original limitation period. (*Hupp v. Gray* (1978), 73 Ill. 2d 78, 83.) If we find that the October 1, 1976, amendment shortening the limitation period is not applicable, then the July 1, 1975, amendment applies because the claim was still alive under the 1973 statute (Ill. Rev. Stat. 1973, ch. 48, par. 138.6(c)(3)). The question before us is: Does the October 1, 1976, amendment apply to the claimant?

The circuit court of Cook County, in ruling in favor of the claimant, found that "the claimant ha[d] a reasonable time after the lapsing of the statute to file his claim. So the sole question in this case is whether or not the period [between the lapsing of the statute and the filing of the claim] is a reasonable time."

An amendment shortening a statute of limitations is applied retroactively if application of the amendment

leaves the claimant with a reasonable amount of time after the amendment's effective date to file his claim. *Arnold Engineering, Inc. v. Industrial Com.* (1978), 72 Ill. 2d 161, 165; *Meegan v. Village of Tinley Park* (1972), 52 Ill. 2d 354, 359; *Trustees of Schools v. Batdorf* (1955), 6 Ill. 2d 486, 493.

However, the circuit court examined the wrong period of time. The issue is not whether the claimant filed within a reasonable time after the statute lapsed, but rather whether the amendment allowed him a reasonable time in which to file his claim between the amendment's effective date and the date when the claim would be barred under the terms of the amendment. If the amendment provided a reasonable time after its effective date but before the cause of action would be barred under the amendment, a claimant is required to file within that time, and if he does not, the claim is barred. See *Hupp v. Gray* (1978), 73 Ill. 2d 78, 83; *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 323; *Arnold Engineering, Inc. v. Industrial Com.* (1978), 72 Ill. 2d 161, 166.

Periods of less than one year following the effective date of an amendment have been held to be reasonable. (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 323 (eight months); *Carlin v. Peerless Gas Light Co.* (1918), 283 Ill. 142, 146 (nine months).) We find one year in the instant case to be a reasonable time. Therefore, the 1976 amendment controls and the claimant was required to file his claim by October 1, 1977. Because the claimant did not file until June 15, 1978, his claim is barred.

The claimant next contends that if the court determines the October 1976 amendment is to apply in this case that Phillips is estopped by the conduct of its personnel director and foreman from raising the defense of the statute of limitations.

In April of 1976 Mr. Benjamin inquired as to his rights regarding the loss of his leg. The personnel director of

Phillips informed Mr. Benjamin that he "had nothing coming." Prior to April of 1976 the claimant had informed his foreman about his injury. The foreman, Mr. Koja, told the claimant to "just forget about it." There is, however, no showing that the claimant relied upon those statements of company personnel in forgoing the filing of a claim here. To be estopped a party must engage in conduct which reasonably causes the other person to change his position by lulling the claimant into a false sense of security. (*Dickirson v. Pacific Mutual Life Insurance Co.* (1925), 319 Ill. 311, 318.) A denial of liability is not a statement reasonably intended to mislead and lull a plaintiff into forgoing a timely filing of his claim. Phillips' denial of liability does not estop the respondent from asserting the statute of limitations as a defense.

Since we have determined that the claimant is barred from filing his claim, we need not discuss the other errors alleged by the respondent.

*Judgment reversed.*