STEVEN BEAUDETTE, Deceased, by Joy Beaudette, his Widow, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Eastman Kodak, Appellee).

First District (Industrial Commission Division)   No. 1—98—2217WC

Opinion filed September 29, 1999.

RARICK, J., dissenting, joined by COLWELL, J.

Marc B. Stookal, of Nilson, Stookal & Bobrow, Ltd., of Chicago, for appellant.

Edward M. Pfister and Bruce D. Crofts, both of Nyhan, Pfister, Bambrick & Kinzie, P.C., of Chicago, for appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

On April 23, 1990, Steven Beaudette injured his right arm while working for respondent, Eastman Kodak Company (Kodak). Steven received temporary total disability (TTD) benefits under the Workers' Compensation Act (Act) (820 ILCS 305/8(b) (West 1994)) until he died on January 18, 1992. At some point during the week of Steven's death, his widow, Joy Beaudette, spoke with a representative of Kodak, who incorrectly stated that she did not have a claim for further benefits under the Act. On November 3, 1994, Joy filed a claim for benefits under the Act. On August 29, 1997, the Industrial Commission (Commission) granted Kodak's motion to dismiss, finding that though

Kodak was estopped from asserting the normal statute of limitations under the Act (820 ILCS 305/6(d) (West 1998)), the claim was barred by a two-year period of limitations that began on the date of Kodak's conduct giving rise to the estoppel. We affirm.

According to Joy's testimony before the arbitrator, Clara Ooyama, an attorney for Kodak, was the person to whom she talked about her husband's case. On January 23, 1991, Ooyama wrote Steven a letter stating, in part:

> "As we discussed previously, your workers' compensation case can be settled with a lump sum payment to you for the April 1990 accident. Please let me know if you would be interested in pursuing such an alternative. If so, I will review your file and present you with a proposal for settlement."

No response by Steven or by anyone on his behalf is shown in the record. Claimant testified she understood this letter to mean that when he was done with all of his cancer treatments, he would get a settlement payment. Claimant testified she trusted Ooyama and relied upon information she provided to her, even though Ooyama told her it was her job to represent Kodak and its interests. On March 28, 1991, Ooyama wrote Steven, informing him his workers' compensation claim was being administered by the Martin Boyer Company, Inc., and that questions regarding his accident should be referred to Judith Small, a claims representative there. Joy testified she spoke with Small frequently, and Small sent them Steven's paychecks. Joy testified she believed Small and relied on her information. Small never informed Joy of a time limitation for filing a claim. Joy did not ask Small about time limitations.

Within a week after Steven died on January 18, 1992, Joy called Small, who told her to return half of the most recent paycheck. According to Joy, when she asked Small what was to happen next:

> "She told me that—She said it was done; it was over with. Your husband's dead, and that she—What makes me remember that is that is what she said: The case is—There's no case. He's dead."

When asked if she ever called Small again, Joy responded, "No, because of the coldness in her. She just said he was dead, there's nothing you can do." Joy did not have any further conversations with Ooyama, Small, or anyone else representing Kodak.

■ The Act provides for two periods of limitation:

> "In any case, other than one where the injury was caused by exposure to radiological materials or equipment or asbestos unless the application for compensation is filed *** within 3 years after the date of the accident, where no compensation has been paid, or within 2 years after the date of the last payment of compensation,

where any has been paid, whichever shall be later, the right to file such application shall be barred." 820 ILCS 305/6(d) (West 1998). The limitations period, measured from the date of injury, expired on April 22, 1993. The limitations period measured from the last date of compensation expired on January 17, 1994. Joy did not file this claim until November 3, 1994.

■ The arbitrator and Commission found Kodak estopped from asserting the normal statute of limitations by the comments of Small during the week of January 18, 1992. Under *City of Chicago v. Industrial Comm'n*, 75 Ill. 2d 270, 281, 388 N.E.2d 406, 412 (1979), a claimant is not given an indefinite period in which to file a claim simply because the employer was estopped at some point from asserting the statute of limitations. Instead, the limitations period starts running again as of the date of the conduct giving rise to the estoppel. *City of Chicago*, 75 Ill. 2d at 281, 388 N.E.2d at 412. The parties dispute whether the two-year or the three-year period applies under *City of Chicago* after the conduct giving rise to estoppel. The Commission applied the two-year period.

■ ■ The Commission found estoppel, that "the statute began to run on January 25, 1992." Although the parties do not address the estoppel issue, the evidence does not support such a finding. A reviewing court can affirm the Commission's decision upon any legal basis in the record to support its decision, regardless of the Commission's findings or reasoning. *General Motors Corp. v. Industrial Comm'n*, 179 Ill. App. 3d 683, 695, 534 N.E.2d 992, 1000 (1989). Estoppel is ordinarily a question of fact, but it becomes a matter of law where there is no dispute of material fact and only one inference can be drawn. See *Pantle v. Industrial Comm'n*, 61 Ill. 2d 365, 369, 335 N.E.2d 491, 494 (1975).

■ In *Phillips Products Co. v. Industrial Comm'n*, 94 Ill. 2d 200, 446 N.E.2d 234 (1983), the claimant was injured on May 28, 1975. He received his last payment of compensation on October 1, 1975. In April 1976, claimant inquired as to his rights; the personnel director informed him he " 'had nothing coming' " and prior to that time the foreman told claimant to " 'just forget about it.' " *Phillips*, 94 Ill. 2d at 205, 446 N.E.2d at 236. The supreme court stated, "A denial of liability is not a statement reasonably intended to mislead and lull a plaintiff into forgoing a timely filing of his claim." *Phillips*, 94 Ill. 2d at 205, 446 N.E.2d at 236.

■ Additionally, even if Small's statements were initially enough to establish estoppel, they would not bar the employer from raising the statute of limitations defense here. Estoppel will not apply where the claimant knew or should have known of her legal rights long before

the original period of limitations was to expire. See *Smith v. Cook County Hospital*, 164 Ill. App. 3d 857, 866, 518 N.E.2d 336, 342 (1987); *Neaterour v. Holt*, 188 Ill. App. 3d 741, 750, 544 N.E.2d 846, 852 (1989).

■ Typically, an employer is estopped from asserting a statute of limitations when it engages in misleading conduct close to the expiration of the statute of limitations to lull the employee into a false sense of security and delay him from filing a claim. See *Tegeler v. Industrial Comm'n*, 173 Ill. 2d 498, 508-10, 672 N.E.2d 1126, 1130-31 (1996) (estoppel occurred where employer's adjuster failed to inform employee that negotiations and settlement offer would terminate roughly two months later, when three-year statute of limitations expired); *Molex, Inc. v. Industrial Comm'n*, 62 Ill. 2d 46, 50-51, 338 N.E.2d 390, 392 (1975) (employer started negotiating roughly six weeks before the one-year statute of limitations expired, claimant requested information two weeks before the expiration of the period, and employer waited until period expired to contact him and tell him that no further settlement offer would be made); *Kaskaskia Constructors v. Industrial Comm'n*, 61 Ill. 2d 532, 534-35, 337 N.E.2d 713, 713-14 (1975) (insurance carrier representatives discussed claim with employee the month the statute of limitations expired and did not inform him statute was about to expire); *Schumann v. Industrial Comm'n*, 61 Ill. 2d 241, 247, 335 N.E.2d 425, 429 (1975) (the supreme court found no estoppel since no evidence showed that the insurance adjuster sought to mislead the claimant where the claim was filed six months after the limitations period expired).

Where there is a longer delay between the employer's conduct and the expiration of the original statute of limitations, estoppel has only been found where special circumstances justify the employee's continued reliance on the employer's conduct. In *Herlihy Mid-Continent Co. v. Industrial Comm'n*, 252 Ill. App. 3d 211, 218-19, 625 N.E.2d 108, 110-11 (1993), estoppel occurred where about six months remained between the employer's conduct and the expiration of the limitations period. This court found that claimant had a continuing working relationship with insurers; the insurer continued to pay medical expenses after the limitations period had run; the claimant continued to work and receive salary; and the claimant's delay in filing a claim was due to his need to verify his condition.

This limit on the doctrine of estoppel is not affected by the holding in *City of Chicago*. If the conduct giving rise to estoppel ends long before the original statute of limitations expires, estoppel is not a bar to that original statutory period, and the new period established under *City of Chicago* never takes effect. *City of Chicago* referred to the supreme court's statement in *Molex*:

" 'When settlement negotiations are conducted as close to the expiration of the limitation period as they were in this case notice of the termination of negotiations should be given to the claimant a reasonable length of time before the expiration date so that he may have adequate time to prepare and file an application for adjustment of claim.' " *City of Chicago*, 75 Ill. 2d at 280, 388 N.E.2d at 411, quoting *Molex*, 62 Ill. 2d at 51, 338 N.E.2d at 392.

*Tegeler* also found *Molex* a good example of the application of estoppel and timeliness of the filing of a claim. *Tegeler* quoted from *Molex*, stating:

" 'Whether or not the result is intended, it is manifestly unfair for an employer or its insurance carrier, being versed in the operations of the Workmen's Compensation Act, to lead the employee to the very brink of the expiration date and then precipitously abandon him too late for him to preserve his claim.' " *Tegeler*, 173 Ill. 2d at 507, 672 N.E.2d at 1130, quoting *Molex*, 62 Ill. 2d at 51, 338 N.E.2d at 392.

■ *Tegeler* and *Molex* provide a sound basis for the proposition that there can be no estoppel where there is a substantial, unjustified delay after the misleading conduct and before the statute of limitations has expired.

As stated above, section 6(d) establishes a period of limitations of three years from the date of the accident. This period expired on April 22, 1993. However, section 6(d) also provides a period of limitations of two years from the date of last payment of compensation, where any has been paid. The last compensation was paid January 18, 1992. At the time of Small's misleading statements (around January 25, 1992), at most one week of the two-year period had passed. The employer engaged in no further misleading conduct. There is nothing in the appellate record to indicate why Joy allowed the original statute of limitations to expire before investigating and filing a claim.

For all of the above reasons, we affirm.

Affirmed.

RAKOWSKI and HOLDRIDGE, JJ., concur.

JUSTICE RARICK, dissenting:

I respectfully dissent for the same reasons expressed in my recent dissent in *Alexander v. Industrial Comm'n*.

As in *Alexander*, oral argument in the present case was requested and heard before a panel of three commissioners. At the time the Commission's decision was entered, however, the term of one of the

194

commissioners had expired. The two remaining commissioners were unable to agree on a result and wrote separate decisions. A third commissioner, who was not present at oral argument, signed one of the decisions pursuant to *Zeigler v. Industrial Comm'n*, 51 Ill. 2d 137, 281 N.E.2d 342 (1972). I believe the issue of a decision under such circumstances does not comport with the clear and unambiguous language of section 19(e) of the Workers' Compensation Act, which provides in pertinent part: "In the event either party requests oral argument, such argument shall be had before a panel of 3 members of the Commission ***. A decision of the Commission shall be approved by a majority of Commissioners present at such hearing." 820 ILCS 305/19(e) (West 1996). Because a majority of the commissioners who were present at the hearing did not approve the decision, I believe we have no jurisdiction to entertain this appeal. I would therefore dismiss the appeal and remand the cause to the Commission to enter a valid decision.

COLWELL, J., joins this dissent.