In the
United States Court of Appeals
For the Seventh Circuit

No. 00-4268

Norman Shropshear,

Plaintiff-Appellant,

v.

Corporation Counsel of
the City of Chicago, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 1066--Joan B. Gottschall, Judge.

Submitted August 14, 2001--Decided December 20, 2001


   Before Posner, Ripple, and Diane P. Wood,
Circuit Judges.

   Posner, Circuit Judge.  Norman Shropshear
brought this suit under 42 U.S.C. sec.
1983, charging that the demolition of his
home by the City of Chicago in March of
1997 had deprived him of property without
due process of law. The suit was not
filed until February of 2000, however,
almost three years after the demolition,
and the district court dismissed it as
barred by Illinois's two-year statute of
limitations for personal-injury suits.
735 ILCS 5/13-202. That is the statute of
limitations that the federal courts
"borrow" for use in section 1983 suits
filed in Illinois. Henderson v. Bolanda,
253 F.3d 928, 931 (7th Cir. 2001);
Farrell v. McDonough, 966 F.2d 279, 282
(7th Cir. 1992); see Wilson v. Garcia,
471 U.S. 261, 275-76 (1985).

   Shropshear argues that the statute of
limitations should be tolled for him on
grounds of fraudulent concealment and
equitable tolling. It is well to
distinguish at the outset between the two
fundamental doctrines of tolling,
equitable tolling and equitable estoppel.
See Cada v. Baxter Healthcare Corp., 920
F.2d 446, 450-51 (7th Cir. 1990).
Equitable tolling permits a plaintiff to
avoid the bar of the statute of

limitations if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim. In contrast, the doctrine of equitable estoppel comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations. Equitable estoppel in the limitations setting is sometimes (though confusingly, as we're about to see) called fraudulent concealment but must not be confused with efforts by a defendant in a fraud case to conceal fraud. Fraudulent concealment in the law of limitations presupposes that the plaintiff has discovered or, as required by the discovery rule should have discovered, that the defendant injured him. It denotes efforts by the defendant, above and beyond the wrongdoing upon which the plaintiff's claim is founded, to prevent, by fraud or deception, the plaintiff from suing in time.

As far as equitable tolling is concerned--the principle that even if the defendant is not responsible for the plaintiff's failure to sue within the limitations period, the latter can get an extension of time within which to sue if it would have been unreasonable to expect him to be able to sue earlier, e.g., Hentosh v. Herman M. Finch University of Health Sciences, 167 F.3d 1170, 1174 (7th Cir. 1999); Miller v. Runyon, 77 F.3d 189, 191 (7th Cir. 1996)--an essential element is that the plaintiff have exercised due diligence; in other words that he have acted reasonably. E.g., Elmore v. Henderson, 227 F.3d 1009, 1013 (7th Cir. 2000) ("[the plaintiff] could not possibly invoke the doctrine of equitable tolling unless he sued just as soon as possible after the judge's action made him realize that the statute of limitations had run. He waited four months to sue and has offered no excuse for the delay"); Ashafa v. City of Chicago, 146 F.3d 459, 463-64 (7th Cir. 1998). The Illinois cases also require due diligence by the plaintiff who charges fraudulent concealment, Turner v. Nama, 689 N.E.2d 303, 309 (Ill. App. 1997); Nickels v. Reid, 661 N.E.2d 442, 449 (Ill. App. 1996); Bank of Ravenswood v. Domino's Pizza, Inc., 646 N.E.2d 1252, 1261-62 (Ill. App. 1995); In re Marriage of Halas, 527 N.E.2d 474, 478 (Ill. App.

1988), which seems odd, since there is no defense of contributory negligence to fraud, an intentional tort. However that may be (more on this later), the requirement of due diligence by a plaintiff seeking to invoke equitable tolling strikes the proper balance between innocent defendant and innocent plaintiff. Shropshear flunks equitable tolling, therefore, because he admits having waited for more than a year to inquire whether his lawyer had filed suit and another five months after that to file suit himself. See Butler v. Mayer, Brown & Platt, 704 N.E.2d 740, 745-46 (Ill. App. 1998); Nickels v. Reid, supra, 661 N.E.2d at 449; Elmore v. Henderson, supra, 227 F.3d at 1013.

We have been citing both state and federal cases on equitable tolling, but we should consider which actually govern cases in which the limitations period is borrowed from state law for use in a suit based on federal law. The question is unresolved in this circuit, as noted in Ashafa v. City of Chicago, supra, 146 F.3d at 464 n. 1, and Reed v. Mokena School District No. 159, 41 F.3d 1153, 1155 n. 1 (7th Cir. 1994), owing to a conflict in our cases. Compare Gonzalez v. Entress, 133 F.3d 551, 554 (7th Cir. 1998), with Suslick v. Rothschild Securities Corp., 741 F.2d 1000, 1004 (7th Cir. 1984), overruled on other grounds by Short v. Belleville Shoe Mfg. Co., 908 F.2d 1385 (7th Cir. 1985); Cange v. Stotler & Co., 826 F.2d 581, 587 n. 4 (7th Cir. 1987), and Smith v. City of Chicago Heights, 951 F.2d 834, 841-42 (7th Cir. 1992). The question is important, because the federal doctrine may be broader than the state one. Indeed, we have expressed uncertainty that the doctrine of equitable tolling even exists in Illinois. Athmer v. C.E.I. Equipment Co., 121 F.3d 294, 297 (7th Cir. 1997); Reed v. Mokena School District No. 159, supra, 41 F.2d at 1155 n. 1; Singletary v. Continental Ill. Nat'l Bank & Trust Co., 9 F.3d 1236, 1242 (7th Cir. 1993). In contrast, the federal doctrine is well established. Taliani v. Chrans, 189 F.3d 597, 597-98 (7th Cir. 1999). Another example of divergence, though not one involved in this case, concerns whether limitations periods for prisoner civil rights suits under the same federal statute involved in this case, 42 U.S.C. sec. 1983, are equitably

tolled for the time required for the prisoner to exhaust his state remedies and for the period during which the plaintiff is in prison. Compare Schweihs v. Burdick, 96 F.3d 917, 919 (7th Cir. 1996), with Brown v. Morgan, 209 F.3d 595 (6th Cir. 2000), and Harris v. Hegmann, 198 F.3d 153, 158-59 (5th Cir. 1999) (per curiam); see also Leal v. Georgia Dept. of Corrections, 254 F.3d 1276, 1280 (11th Cir. 2001) (per curiam).

We now hold, in conformity with all the appellate cases in other circuits that have addressed the issue, that the state, rather than the federal, doctrine of equitable tolling governs cases of borrowing. See Wade v. Danek Medical, Inc., 182 F.3d 281, 289-90 (4th Cir. 1999); Tworivers v. Lewis, 174 F.3d 987, 992-93 (9th Cir. 1998); Rotella v. Pederson, 144 F.3d 892, 897 (5th Cir. 1998); Gonsalves v. Flynn, 981 F.2d 45, 47-48 (1st Cir. 1992) (per curiam); see generally Cange v. Stotler & Co., supra, 826 F.2d at 586-87; but cf. Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000); Vaught v. Showa Denko K.K., 107 F.3d 1137, 1145 (5th Cir. 1997). The reason is the reciprocal relation between the length of the limitations period and the grounds for tolling (extending) it. E.g., Wilson v. Garcia, 471 U.S. 261, 269 (1985); Chardon v. Fumero Soto, 462 U.S. 650, 661-62 (1983); Board of Regents v. Tomanio, 446 U.S. 478, 484-86 (1980); Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 463-64 (1975); Cange v. Stotler, supra, 826 F.2d at 599-600 (concurring opinion). A state might decide to set a short period but allow generous tolling, or a long period in lieu of generous tolling. If the federal courts used the short period in conjunction with a tolling doctrine less generous than that of the state that had set the period, or the long period in conjunction with a tolling doctrine more generous than that of the state, it would be creating an irrational hybrid. See, besides the cases just cited, Spinozzi v. ITT Sheraton Corp., 174 F.3d 842, 848 (7th Cir. 1999); Lewellen v. Morley, 875 F.2d 118, 121 (7th Cir. 1989); Hemmings v. Barian, 822 F.2d 688, 691 (7th Cir. 1987); Lake v. Arnold, supra, 232 F.3d at 370, and cases cited there; Tworivers v. Lewis, supra, 174 F.3d at 992; Vaught v. Showa Denko K.K., supra, 107 F.3d at 1145; Mouradian v. John Hancock Cos., 930

F.2d 972, 974 (1st Cir. 1991) (per curiam). The tolling rule is a "part of the legislative balancing of the conflicting interests of enforcement versus staleness of claims embodied in statutes of limitations." Cange v. Stotler, supra, 826 F.2d at 587.

Because of the intracircuit conflict noted earlier, our opinion has been circulated to the full court in advance of publication, in accordance with 7th Cir. R. 40(e). No judge of the court in regular active service voted to hear the case en banc.

We turn now to the question of the possible tolling of the statute of limitations in this case on the basis of defendant misconduct, the domain of fraudulent concealment and equitable estoppel. Illinois has codified its doctrine of fraudulent concealment in a statute which provides that "if a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after" the entitled person discovers that he has such a cause of action. 735 ILCS 5/13-215. This can't help Shropshear. He complains not that the City of Chicago, but that his own lawyer (and another private entity not argued to be in privity with the City), in effect concealed his claim from him by misrepresenting that they would file a timely suit on his behalf. Neither of the alleged concealers was "a person liable to an action"--that was the City--and so their conduct cannot bring Shropshear within the protection of the fraudulent-concealment statute. Serafin v. Seith, 672 N.E.2d 302, 312 (Ill. App. 1996). Anyway they didn't conceal the cause of action; they concealed their own failure to file the suit in time, though probably Illinois's doctrine of fraudulent concealment is not so narrowly interpreted that the difference would be crucial in a proper case. See id. at 311.

If the defendant, while not concealing from the plaintiff anything but his bad intent, tells the latter to delay suing while the parties work things out, this is not fraudulent concealment within the strict terms of the Illinois statute that we cited earlier. But it furnishes another basis for tolling, namely

equitable estoppel, the master concept of which fraudulent concealment is one instantiation. Singletary v. Continental Ill. Nat'l Bank & Trust Co., supra, 9 F.3d at 1241. Any deliberate or otherwise blameworthy conduct by the defendant that causes the plaintiff to miss the statutory deadline can be the basis for a defense of equitable estoppel in federal limitations law. The Serafin case that we cited in the preceding paragraph describes equitable estoppel as a doctrine of Illinois law as well, but without relating it specifically to the fraudulent-concealment statute. Other cases also describe it as a doctrine of Illinois law. See Beaudette v. Industrial Comm'n, 719 N.E.2d 191, 193-94 (Ill. App. 1999); Tegeler v. Industrial Comm'n, 672 N.E.2d 1126, 1131 (Ill. App. 1996); see also Turner v. Nama, supra, 689 N.E.2d at 308. There is a federal doctrine as well, of course; under it the plaintiff's lack of due diligence is not a defense, because the defendant's conduct is deliberate, just as a plaintiff's contributory negligence is not a defense to an intentional tort. Flight Attendants Against UAL Offset v. Commissioner, 165 F.3d 572, 577 (7th Cir. 1999); Wolin v. Smith Barney Inc., 83 F.3d 847, 852 (7th Cir. 1996). There is an important exception, however (to which we'll return): once the circumstance giving rise to the estoppel is removed--once, for example, despite the defendant's efforts at concealment, the plaintiff learns that he has a claim--the filing of the suit cannot be delayed indefinitely. Bailey v. Int'l Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers, Local 374, 175 F.3d 526, 530 (7th Cir. 1999).

   We noted earlier that lack of due diligence is a defense under Illinois's doctrine of fraudulent concealment; it likewise is a defense under Illinois's umbrella doctrine of equitable estoppel. E.g., Nickels v. Reid, supra, 661 N.E.2d at 447-48. This is an important difference between the state and federal doctrines of equitable estoppel. So once again we face a discrepancy between federal and state tolling rules.  Our court has held that in a case such as this, where the federal court is applying a (borrowed) state statute of limitations, the federal doctrine of equitable estoppel, not the state

doctrine, controls. Ashafa v. City of Chicago, supra, 146 F.3d at 462; Smith v. City of Chicago Heights, supra, 951 F.2d at 841; Cange v. Stotler & Co., supra, 826 F.2d at 586-87; Bomba v. W.L. Belvidere, Inc., 579 F.2d 1067, 1070 (7th Cir. 1978). These cases say that the source of the doctrine is not a judgment regarding the optimal length of a limitations period, but a general disapproval of inequitable conduct; and of course it is true that the doctrine of equitable estoppel is not limited to the statute of limitations area but has many other applications. Nevertheless in that setting it is a tolling doctrine and one with uncertain boundaries (as witness the differences between the federal and the Illinois doctrine) that one might think were related to the statutorily specified length of the period.

The question whether the state or federal doctrine governs has divided the other courts to consider it, compare Benitez-Pons v. Commonwealth of Puerto Rico, 136 F.3d 54, 63 (1st Cir. 1998), with Keating v. Carey, 706 F.2d 377, 382 (2d Cir. 1983); and both Bell v. Fowler, 99 F.3d 262, 267 n. 3 (8th Cir. 1996), while leaving it unresolved, and the concurring opinion in our decision in Cange v. Stotler & Co., supra, 826 F.2d at 599-600, criticizing our rule, note the tension between the rule and the Supreme Court's decisions on borrowed statutes of limitations, which in holding that the federal court should borrow the tolling rules as well as the statutory period make no distinction between equitable estoppel and equitable tolling. See Wilson v. Garcia, 471 U.S. 261, 269 (1985) (state law governs "the length of the limitations period, and closely related questions of tolling and application"); Board of Regents v. Tomanio, supra, 446 U.S. at 484-86 (federal courts should borrow forum state's most analogous statute of limitations as well as its body of tolling rules); Johnson v. Railway Express Agency, Inc., supra, 421 U.S. at 463-65 ("in virtually all statutes of limitations the chronological length of the limitations period is interrelated with provisions regarding tolling, revival, and questions of application"). However, whether this circuit's rule distinguishing between the two tolling doctrines should be overruled is a matter

that we leave to another day.

Given his lack of due diligence, Shropshear is better off with the federal doctrine of equitable estoppel, which doesn't impose a general duty of due diligence. Not enough better off to make a difference, however. Remember that the alleged misconduct that caused his delay in suing was not committed by the public officials whose alleged violation of the Constitution gave rise to his suit. Shropshear did name his lawyer and the other private entity that delayed his suit as additional defendants. But it would be bootstrapping to allow the limitations on the defense of equitable estoppel to be circumvented in such a way. Remember, too, that due diligence becomes a duty, even under the federal doctrine of equitable estoppel, once the obstacles strewn by the defendant to the plaintiff's suing have been cleared away; then he must act quickly; Shropshear did not.

Affirmed.

RIPPLE, Circuit Judge, concurring. The panel majority has written a thoughtful opinion. I write separately for two reasons. First, I think it would be helpful to the bench and bar to note precisely the point that we clarify today. Secondly, I wish to express my reservations about commenting unnecessarily on the settled law of the circuit with respect to equitable estoppel.

At the outset, I note that today's decision, following this circuit's cornerstone opinion in Cada v. Baxter Healthcare Corp., 920 F.2d 446 (7th Cir. 1990), makes clear the difference between equitable tolling and equitable estoppel. Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if, despite all diligence, he is unable to obtain vital information bearing on the existence of his claim. By contrast, the doctrine of equitable estoppel comes into play if the defendant takes active steps to prevent the plaintiff from suing in time as by promising not to plead the statute of limitations. Equitable estoppel in the limitations setting is sometimes called

fraudulent concealment and must not be confused with efforts by a defendant in a fraud case to conceal fraud. Fraudulent concealment in the law of limitations presupposes that the plaintiff has discovered or, as required by the discovery rule, should have discovered, that the defendant injured him. It denotes efforts by the defendant, above and beyond the wrongdoing upon which the plaintiff's claim is founded, to prevent the plaintiff from suing in time.

The case before us involves the first of these doctrines, the doctrine of equitable tolling. Mr. Shropshear argues that his own lawyer and another private entity not in privity with the defendant City of Chicago concealed his claim by misrepresenting that they would file an action on his behalf. Therefore, we must identify the applicable law for determining whether Mr. Shropshear can invoke the doctrine of equitable tolling. The majority opinion, clarifying the law of this circuit and harmonizing that law with the law of all other circuits that have addressed the matter, holds that, because we must borrow state law with respect to the statute of limitations, we also must borrow state law on the doctrine of equitable tolling. I do not think that there is very much in the way of a serious dispute on this issue. As the panel opinion makes clear, the reason for this symmetry is that there is a reciprocal relationship between the length of the limitations period and the grounds for extending it. See generally Cange v. Stotler & Co., 826 F.2d 581, 586-87 (7th Cir. 1987).

However, there has been some confusion as to whether, in an equitable tolling situation, state law ought to be the exclusive source to which a court ought to turn or whether the court also ought to apply federal tolling principles. As the court noted in Smith v. City of Chicago Heights, 951 F.2d 834, 840 & n.6 (7th Cir. 1992), this issue can be traced back to the court's holding in Suslick v. Rothschild Securities Corp., 741 F.2d 1000, 1004 (7th Cir. 1984) (holding that both state and federal rules of equitable tolling should be applied when a state statute of limitations is employed), overruled on other grounds by Short v. Belleville Shoe Mfg. Co., 908 F.2d 1385 (7th Cir. 1985); see also Cange, 826 F.2d

at 587 n.4 (noting in dicta the holding of Suslick in this circuit). In Smith, the court acknowledged the rule in Suslick and applied it because it remained the law of the circuit. See Smith, 951 F.2d at 840. By contrast, in Gonzales v. Entress, 133 F.3d 551, 554 (7th Cir. 1998), the court simply applied state tolling law without a discussion of the rule in Suslick. If there is an intracircuit conflict, it is on this question, simply because Smith did not overrule Suslick and Gonzales did not speak to the problem. It is this piggybacking issue to which the court also made reference in Ashafa v. City of Chicago, 146 F.3d 459, 463-64 (7th Cir. 1998); see also Reed v. Mokena Sch. Dist. No. 159, 41 F.3d 1153, 1155 n.1 (7th Cir. 1994).

Today, we take the view that only state tolling rules ought to apply. Application of both state and federal rules destroys the symbiotic relationship between the period set forth in the statute of limitations and the tolling rule. As we noted in Cange, the tolling rule is a "part of the legislative balance of conflicting interests of enforcement and staleness of claims embodied in statutes of limitations." 826 F.2d at 587.

If the panel opinion were to end at this point, I would have no objection to its content. My colleagues have chosen, however, to express their views on whether state law should also govern with respect to equitable estoppel. The concept of equitable estoppel is not at issue in this case. As the court acknowledged in Ashafa, we have held that federal, not state, standards apply when this doctrine is applicable. Ashafa, 146 F.3d at 462; see also Smith, 951 F.2d at 841. In Cange, 826 F.2d at 586-87, and earlier in Bomba v. W.L. Belvidere, Inc., 579 F.2d 1067, 1070 (7th Cir. 1978), the court noted that the concept of equitable estoppel is not tied to the legislative judgment on the length of the statute of limitations. Rather, it focuses on the circumstances that will justify preventing a party from relying on the statute of limitations because that party's conduct has induced another into forbearing suit within the applicable statute of limitations period. As the court wrote in Bomba, the doctrine "takes its life, not from the language of the

statute, but from the equitable principle that no man will be permitted to profit from his own wrongdoing in a court of justice." 579 F.2d at 1070. Because this issue is not before us and has not been briefed by the parties, I believe that a proper respect for the work of our colleagues in prior cases and for the stability of the law in this circuit requires that we refrain from commenting on the matter.