Eric **NESBITT, Plaintiff–Appellant,**

v.

**CITY OF CHAMPAIGN, et al.,
Defendants–Appellees.**

No. 01–3163.

United States Court of Appeals,
Seventh Circuit.

Argued March 5, 2002.

Decided April 4, 2002.

Rehearing En Banc Denied May 1, 2002.

---

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

### ORDER

Eric Nesbitt appeals the dismissal of his wrongful arrest claim brought under 42 U.S.C. § 1983 and his related state law claims. The district court dismissed the action after determining that Nesbitt's claims were barred by the relevant statutes of limitations. The court concluded that Nesbitt's claims accrued when he was arrested in August 1998, more than two years before he filed his complaint in December 2000. We affirm.

### BACKGROUND

In August 1998 defendant James Clark, a Champaign, Illinois police officer, received an anonymous tip that a black man had robbed a Jiffy Lube store and was driving northbound in a white car on Third Street. Clark himself was driving north on Second Street when he spotted Nesbitt, who matched the description in the tip. Clark pulled Nesbitt over, at which time Officer Dennis Thomas arrived in his squad car. Guns drawn, Officers Clark and Thomas immediately handcuffed and arrested Nesbitt. They then searched Nesbitt's car, where they found a hammer, a baseball bat, and glass fragments.

Nesbitt was convicted of burglary in state court. The state appellate court reversed the conviction, however, finding that the uncorroborated and vague anonymous tip that led to Nesbitt's arrest lacked sufficient indicia of reliability. The court remanded the case for a new trial.

On December 22, 2000, Nesbitt sued the City of Champaign, Clark, and Thomas, alleging under 42 U.S.C. § 1983 that his arrest violated the Fourth Amendment because the officers lacked reasonable suspicion. Nesbitt's complaint also included related state law claims of assault, battery, and wrongful arrest. The district judge, accepting the recommendation of a magistrate judge, agreed that Nesbitt's federal claim was barred by a two-year statute of limitations, see 735 ILCS 5/13–202, and that his state law claims were barred by a one-year statute of limitations, see 745 ILCS 10/8–101.

### DISCUSSION

**A. Federal Claim**

Nesbitt first argues that the district court incorrectly determined that the

statute of limitations had run on his federal claim. Section 1983 claims "borrow" the statute of limitations established by the state in which the claims are filed. *Shropshear v. Corp. Counsel of the City of Chicago*, 275 F.3d 593, 594 (7th Cir.2001). For a case such as Nesbitt's filed in Illinois, the statute of limitations bars suits filed more than two years after the claim accrues. *Id.*

Nesbitt argues that his claim accrued not at the time of his arrest (August 1998) but rather when the state appellate court found that his arrest was without reasonable suspicion (August 2000). But this court has held that Fourth Amendment claims may be brought at the time of the violation because a Fourth Amendment violation does not necessarily undermine a conviction. *See Gonzalez v. Entress*, 133 F.3d 551, 553 (7th Cir.1998) (citing *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)). Therefore, the cause of action in Fourth Amendment claims "necessarily 'accrues' at the time of the unlawful search or seizure," *id.* at 553; *see also Newsome v. McCabe*, 256 F.3d 747, 749 (7th Cir.2001) (wrongful arrest and detention claims accrued at time of arrest). The district court thus correctly determined that Nesbitt's cause of action accrued when he was arrested.

■ Nesbitt also argues that it would be unfair to require him to file his § 1983 claim while his state criminal appeal was pending, because a federal court could not have acted on his § 1983 claim until his state appeal was resolved. Nesbitt is correct that a federal court must stay a Fourth Amendment claim filed while a related state criminal appeal is ongoing. *See Simpson v. Rowan*, 73 F.3d 134, 137–39 (7th Cir.1996). Nonetheless, Nesbitt's claim accrued when he was arrested. *See Gonzalez*, 133 F.3d at 553. To preserve his claim, Nesbitt should have filed a complaint before the statute of limitations expired, even though his federal claim would have been stayed until his state appeal was resolved.

■ Nesbitt further contends federal equitable tolling principles should have been applied to his claims. Equitable tolling allows a plaintiff to avoid the running of the statute of limitations "if it would have been unreasonable to expect [the plaintiff] to sue earlier." *Shropshear*, 275 F.3d at 595. Nesbitt believes that it was unreasonable to expect him to sue before his criminal appeal was resolved. But only state, not federal, equitable tolling principles apply to § 1983 cases. *Id.* at 596. Nesbitt has not argued that his claims should have been tolled under Illinois law, so we need not address that issue.

## B. State Claims

■ In a single sentence, Nesbitt raises a general argument that the district court erred in deciding that the one-year statute of limitations had run on his state law claims. Nesbitt has provided no cogent argument or relevant legal authority explaining his statement, and he therefore has waived this undeveloped argument. *See Maltby v. Winston*, 36 F.3d 548, 564 (7th Cir.1994).

AFFIRMED.