In the
United States Court of Appeals
For the Seventh Circuit

No. 00-4196

Alonzo Mitchell,

Plaintiff-Appellant,

v.

Emanuel Donchin and Julian Rappaport,

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of Illinois.
No. 99 C 2172--Michael P. McCuskey, Judge.

Argued February 22, 2002--Decided April 9, 2002


   Before Posner, Kanne, and Rovner, Circuit
Judges.

   Kanne, Circuit Judge.  On August 5, 1999,
Alonzo Mitchell filed a one-count
complaint against Emanuel Donchin and
Julian Rappaport, alleging that Donchin
and Rappaport violated his First
Amendment rights. The district court
found that Mitchell's claim was barred by
Illinois' two-year statute of limitations
for personal injury claims. Mitchell now
appeals, alleging that the doctrines of
equitable estoppel and equitable tolling
apply to toll the two-year statute of
limitations. We affirm.

I.  History

   Plaintiff-Appellant Alonzo Mitchell was
employed at the University of Illinois at
Urbana-Champaign ("University"). Mitchell
administered a community-based program,
established in the early 1970s and known
as "Oasis Graphics Arts." The goal of
Oasis Graphics Arts was to develop a
relationship between the Department of
Psychology at the University and the
neighboring community. Specifically,
Oasis Graphics Arts published a journal,
Ground Level Critique, that discussed
issues impacting low-income residents in
the community and minorities. Mitchell
reported directly to Julian Rappaport, a
professor in the Department of Psychology

at the University. Rappaport in turn reported to Emanuel Donchin, the head of the Department of Psychology at the University.

In September 1991, Mitchell published several articles in Ground Level Critique critical of another community-based research project at the University, the "New North Project," headed by psychology Professor Robert Felner. Five months later, Rappaport decided to terminate the funding for Oasis Graphics Arts. Rappaport cited severe budgetary constraints, the deteriorating physical facility, and the program's failure as a training ground for graduate students as reasons for terminating the program's funding. Donchin approved the termination. Mitchell was informed that the funding for Oasis Graphics Arts was being terminated on March 2, 1992. The funding was actually terminated, and Mitchell's position eliminated, in mid-1993.

On February 22, 1994, Mitchell filed a four-count complaint against several University of Illinois administrators and professors, not including Donchin and Rappaport. Pursuant to 42 U.S.C. sec. 1983, Mitchell alleged that the defendants violated his First Amendment rights by terminating the funding for Oasis Graphics Arts in retaliation for publishing articles in the Ground Level Critique critical of the New North Project and Felner. Mitchell supported his complaint with statements allegedly made to him by Rappaport that indicated that the named defendants were behind the decision to terminate the funding for Oasis Graphics Arts. Specifically, Mitchell alleged that Rappaport stated that he had strongly opposed terminating the funding for Oasis Graphics Arts, but that he had been overruled by the defendants. Mitchell further alleged that Rappaport told him that "it was that f..... Felner that's behind this. I know it is Bob Felner that caused this to happen."

On November 16, 1998, Mitchell deposed Rappaport in connection with his February 22, 1994 complaint. During this deposition, Mitchell learned that, in fact, Rappaport himself had made the decision, in conjunction with the approval of Donchin, to terminate the

funding for Oasis Graphics Arts. On June 2, 1999, Mitchell's February 22, 1994 complaint was voluntarily dismissed pursuant to Federal Rule of Civil Procedure Rule 41(a)(1). On August 5, 1999, Mitchell filed this suit against Donchin and Rappaport, asserting that Donchin and Rappaport violated his First Amendment rights by terminating Oasis Graphics Arts' funding in retaliation for publishing the articles critical of the New North Project and Felner.

In the district court, Donchin and Rappaport asserted Illinois' two-year statute of limitations as an affirmative defense. Mitchell argued that the doctrines of equitable estoppel and equitable tolling precluded such a defense. However, the district court disagreed, and finding that Mitchell knew or should have known that circumstances existed that violated his rights by mid-1993, granted summary judgment in favor of Donchin and Rappaport.

## II. Analysis

We review a district court's grant of summary judgment de novo. See Lewis v. Holsum of Fort Wayne, Inc., 278 F.3d 706, 709 (7th Cir. 2002). We view all of the facts in the light most favorable to the non-moving party, Mitchell. See id. We will affirm the district court only if the pleadings, depositions, answers to interrogatories, admissions and affidavits demonstrate that there is no genuine issue of material fact and that Donchin and Rappaport are entitled to judgment as a matter of law. See id.

As we stated, in this case, the district court found that by mid-1993 Mitchell knew or should have known that circumstances existed that violated his constitutional rights. Because Mitchell did not file suit against Donchin and Rappaport until 1999, the district court granted summary judgment in favor of Donchin and Rappaport on the ground that Mitchell's section 1983 claim was barred by Illinois' two-year statute of limitations for personal injury claims./1 On appeal, Mitchell argues that the doctrines of equitable estoppel and equitable tolling should apply to toll the two-year statute of limitations.

## A. Equitable Estoppel

"[E]quitable estoppel comes into play if the defendant takes active steps to prevent the plaintiff from suing in time as by promising not to plead the statute of limitations." Shropshear v. Corp. Counsel of Chicago, 275 F.3d 593, 595 (7th Cir. 2001); see also Bailey v. Int'l Bhd of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, Local 374, 175 F.3d 526, 530 (7th Cir. 1999); Hentosh v. Herman M. Finch Univ. of Health Sciences, 167 F.3d 1170, 1174 (7th Cir. 1999). Equitable estoppel "springs from basic considerations of fairness," Bailey, 175 F.3d at 530, and "denotes efforts by the defendant, above and beyond the wrongdoing upon which the plaintiff's claim is founded, to prevent, by fraud or deception, the plaintiff from suing in time." Shropshear, 275 F.3d at 595.

With respect to Donchin, the application of equitable estoppel for obvious reasons must fail. Mitchell never alleges that Donchin took any step to prevent him from suing in time. Without any allegation of an active step, equitable estoppel is clearly inapplicable to toll the two-year statute of limitations. See Hentosh, 167 F.3d at 1175 (finding that because "[plaintiff] has not identified any actions taken by the University that may have prevented her from filing her administrative charge in a timely manner," equitable estoppel is inapplicable).

With respect to Rappaport, Mitchell asserts that Rappaport actively prevented him from suing in time by lying to him about who made the decision to terminate the funding for Oasis Graphics Arts. This court has explained that the mere denial of one's role in a potential lawsuit is insufficient to give rise to equitable estoppel. See Cada v. Baxter Healthcare Corp., 920 F.2d 446, 451 (7th Cir. 1990). Here, Rappaport told Mitchell that other people had made the decision to terminate the funding for Oasis Graphics Arts and that he thought that Felner was the motivating force behind the decision. Additionally, Rappaport told Mitchell that he strongly opposed terminating the funding for Oasis Graphic Arts. In Singletary v. Continental Illinois National Bank and Trust Company of Chicago, 9 F.3d 1236, 1241 (7th Cir.

1993), we explained that although the bank, the defendant in the case, knew that a particular loan was phony, the fact that the bank continued to assert that the loan was valid did not equitably estop the bank to plead the statute of limitations. In Singletary, the bank's actions constituted "a mere denial of liability." Id. Similarly, we find that Rappaport's statements to Mitchell constitute a mere denial of liability because Rappaport merely said that other people were behind the decision to terminate the funding and that he opposed the termination. As we have repeatedly explained, if we permitted denials of liability to be recast as active steps preventing plaintiffs from suing in time, "[a] statute of limitations would not begin to run until a defendant acknowledged liability, an entirely strange concept." Bishop v. Gainer, 272 F.3d 1009, 1014-15 (7th Cir. 2001). Therefore, Rappaport's statements do not equitably estop him to plead the statute of limitations.

B.  Equitable Tolling

"Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim." Shropshear, 275 F.3d at 595. "[E]ven if the defendant is not responsible for the plaintiff's failure to sue within the limitations period, the latter can get an extension of time within which to sue if it would have been unreasonable to expect him to be able to sue earlier." Id. An essential element of equitable tolling is that "the plaintiff have exercised due diligence; in other words that he have acted reasonably." Id.

This Circuit has repeatedly emphasized that "the application of equitable tolling turns on whether a reasonableperson would be aware of the 'possibility' of a claim." Hentosh, 167 F.3d at 1175 (quoting Cada, 920 F.2d at 451). Equitable tolling is inapplicable in this case because Mitchell should have been aware of the possibility of a claim against Donchin and Rappaport when he filed his original complaint. This is because Mitchell knew that Rappaport was his immediate supervisor and that Donchin

was Rappaport's supervisor. Thus, Mitchell knew what the chain of command was with respect to Oasis Graphics Arts and that any decision regarding the program would involve Donchin and Rappaport. Moreover, with no excuse for delay, Mitchell waited over four years, until November 1998, to depose Rappaport and then waited an additional nine months before filing this lawsuit against Donchin and Rappaport. Given Mitchell's lack of effort in pursuing this claim, we simply cannot find that Mitchell acted with due diligence.

III.  Conclusion

   For the foregoing reasons, we AFFIRM the district court.

FOOTNOTE

/1 To determine the proper statute of limitations for section 1983 actions, the federal court adopts the forum state's statute of limitations for personal injury claims. See Ashafa v. City of Chicago, 146 F.3d 459, 461 (7th Cir. 1998). Pursuant to 735 ILCS 5/13-202, the statute of limitations for section 1983 cases filed in federal court is two years. See Ashafa, 146 F.3d at 462.