**John R. CAMPBELL, Plaintiff–Appellant,**

v.

**George E. DETELLA, et al., Defendants–Appellees.**

No. 02–1093.

United States Court of Appeals, Seventh Circuit.

Submitted April 22, 2002 *.

Decided April 26, 2002.

Before FAIRCHILD, ROVNER, and EVANS, Circuit Judges.

ORDER

John Campbell sued Illinois prison officials under 42 U.S.C. § 1983, alleging that his Eighth Amendment rights were violated when he was asked to work atop an unsafe ladder from which he suffered a serious fall. The district court dismissed and we affirm.

Campbell was an inmate at Stateville Correctional Center when in 1995 prison officials offered him good-time credits in exchange for cleaning the exterior of a guard tower, a job other prisoners had refused. Campbell accepted the offer. To clean the tower, Campbell had to climb roughly 15 feet up a ladder leaning against the tower's exterior. The ladder had no safety guards or traction pads. Because Campbell and defendant officer Rivera were using a water hose, the concrete floor at the time was wet. While Campbell was atop the ladder, Rivera tried to secure it by placing his foot on the bottom rung. When Rivera later removed his foot from the ladder, the ladder slipped, causing Campbell to fall to the ground. Campbell immediately felt pain in his back and groin, but with others' assistance was able to return to his cell and lie down. The next day, when his pain was too severe for him to get out of bed, Campbell requested medical care and was taken to the prison infirmary. Prison doctors examined him

---

* This court granted the appellees' motions for noninvolvement, and accordingly this appeal has been submitted without the filing of a brief by the appellees. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

and took x-rays, which were normal, and prescribed Campbell hot compresses and Tylenol.

Campbell filed grievances with prison officials, complaining that he received inadequate medical care for his injuries. When his grievances were denied, he sued prison officials in the Illinois Court of Claims, where his suit has been stayed pending his release from federal custody. The record is unclear about the basis for this state-court claim, but it relates to his injury. Campbell apparently also filed an Eighth Amendment claim in federal court against prison officials, but that complaint—which does not appear in the record—was dismissed under 28 U.S.C. § 1915(d) and is not at issue here.

Campbell later filed the present complaint under § 1983, alleging that prison officials violated the Eighth Amendment when they did not provide him with appropriate safety equipment while he was cleaning the guard tower. Campbell also alleged that the Illinois Court of Claims erred in staying the complaint he filed in state court. The district court dismissed the complaint under 28 U.S.C. § 1915(e)(2)(b) and Fed.R.Civ.P. 12(b)(1). The court dismissed Campbell's complaint because his Eighth Amendment claim is barred by both the statute of limitations and *res judicata* and also because the court lacked jurisdiction over his claim against the Illinois Court of Claims. Campbell filed a motion for reconsideration, which the district court denied.

Campbell argues on appeal that the district court erred, but he cites no persuasive legal authority for that assertion and otherwise fails to develop any comprehensible argument, in violation of Fed. R.App.P. 28(a)(9). Nevertheless because Campbell is proceeding *pro se,* we will construe his brief liberally and point out that the district court correctly determined that the statute of limitations barred Campbell's Eighth Amendment claim: that claim accrued at the time of his injury in May 1995, and he did not file his claim until October 2001, well after the two-year limit in Illinois. *See* 735 ILCS 5/13–202; *Shropshear v. Corp. Counsel of City of Chicago,* 275 F.3d 593, 595 (7th Cir.2001). The district court also correctly concluded that a federal court is not an appropriate venue for Campbell's disagreement with the Illinois Court of Claims' handling of his case: the *Rooker–Feldman* doctrine makes clear that federal courts lack jurisdiction to hear claims adjudicated by state courts or claims that are inextricably intertwined with the merits of a state court judgment. *See Rooker v. Fid. Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Durgins v. City of East St. Louis,* 272 F.3d 841, 844 (7th Cir.2001).

AFFIRMED.