UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 23, 2006[*]
Decided March 24, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-1773

| | |
|---|---|
| LETICIA M. GROSS,<br>        *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | |
| JESSE WHITE, et al.,<br>        *Defendants-Appellees.* | No. 02 C 5064<br><br>John W. Darrah,<br>*Judge.* |

**O R D E R**

Leticia Gross worked for the Illinois Secretary of State ("SOS") in the Department of Drivers Services from 1991 until she was fired in March 2002. Gross sued Secretary of State Jesse White, Thomas Benigno, Gary Lazzerini, Tina Prose, and Jeanine Stroger (collectively, "defendants"), alleging that they retaliated against her for filing a sexual harassment complaint and maintained a hostile work environment in violation of Title VII, 42 U.S.C. § 2000e, *et seq.* She also claims they retaliated against her because of her political affiliation with the prior Secretary of

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

State in violation of 42 U.S.C. § 1983. The district court granted summary judgment for defendants, and we affirm.

Gross's briefs to this court do not explain how the district court erred in granting summary judgment, and neither cite to the record nor to any legal authority. This violates Federal Rule of Appellate Procedure 28(a)(9), which requires that briefs—even pro se briefs—contain an argument consisting of more than a generalized assertion of error and include citations to the record and supporting authority. *See Hrobowski v. Worthington Steel Co.,* 358 F.3d 473, 478 (7th Cir. 2004); *Anderson v. Litscher,* 281 F.3d 672, 675 (7th Cir. 2002); *Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir. 2001). However, even treating her appeal as properly presented, we must affirm.

We review the grant of summary judgment *de novo,* viewing all facts in the light most favorable to Gross. *See Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 432 (7th Cir. 2005). George Ryan was the Secretary of State when Gross began working for the SOS. Gross was an active participant in Ryan's campaigns for office, and ran as a Republican candidate for State Representative in 1991. Shortly after Jesse White replaced Ryan in 1999, Gross was transferred from the SOS executive offices to its central facility, where she retained the title of Administrative Assistant II but was relegated to clerking duties. In 2001 she was transferred to the Chicago Public Service Center ("CPSC").

On October 1, 2001, Gross complained to her supervisor that Nickolas Torres, a co-worker at CPSC, exposed his genitalia to her and made sexually suggestive remarks; she also reported these allegations to the SOS's Office of the Inspector General ("OIG"). Gross was then immediately transferred to the Diversey Facility, a facility closer to her home. Two investigations into the alleged harassment ensued–one by Corney Morgan of the OIG and another by Jeanine Stroger, the SOS Equal Employment Opportunity officer.

Morgan interviewed four SOS employees, none of whom saw Torres harass Gross. But one, Susan Ordonez-Garcia, told Morgan she saw Gross and Torres grab each other's "private parts," and once saw Gross expose her breasts to Torres in the lunch room and try to pull down the zipper on his pants. Stroger also interviewed the same SOS employees. Ordonez-Garcia told Stroger about the interaction she had witnessed between Gross and Torres in the lunchroom, and another employee said she saw Gross pull down Torres's pants in the supply room. A further employee said he once saw Torres drop his pants for Gross who then touched him between the legs. Torres himself admitted to engaging in sexual acts with Gross.

Both Morgan and Stroger independently concluded that Torres had not sexually harassed Gross but that Gross and Torres had engaged in misconduct at

the SOS offices. They reported these findings to Gary Lazzerini, head of the Department of Drivers Services in Chicago. Lazzerini recommended terminating Gross and Torres for disorderly conduct under the SOS Policy Manual; Gross and Torres were fired around March 2002.

On appeal, Gross insists that Torres's conduct created a hostile work environment. Since Gross concedes that Torres was not her supervisor, she must show that defendants were "negligent either in discovering or remedying the harassment." *Rhodes v. Ill. Dep't of Transp.,* 359 F.3d 498, 506 (7th Cir. 2004); *Hall v. Bodine Elec. Co.,* 276 F.3d 345, 356 (7th Cir. 2002) (internal citations omitted). As long as an "employer takes steps reasonably likely to stop the harassment," such as by terminating all contact between victim and alleged perpetrator, *Saxton v. Am. Tel. and Tel. Co.,* 10 F.3d 526, 536 (7th Cir. 1993), the employer avoids liability. Here, as soon as defendants knew of the alleged harassment, they transferred Gross to another facility closer to her home. Because Gross has no evidence that the transfer injured her, *see Tutman v. WBBM-TV, Inc./CBS, Inc.,* 209 F.3d 1044, 1049 (7th Cir. 2000), this transfer was sufficient to avoid liability.

Gross next argues that defendants fired her for making her sexual harassment claim. To survive summary judgment Gross must provide admissible evidence of retaliation under the direct or indirect methods of proof. *See Stone v. City of Indianapolis Pub. Utils. Div.,* 281 F.3d 640, 644 (7th Cir. 2002). Gross has no evidence under the direct method, which requires either an admission of retaliation or statements or conduct from the decisionmaker from which retaliation may be inferred. *See Radue v. Kimberly-Clark Corp.,* 219 F.3d 612, 616 (7th Cir. 2000). Her case founders under the indirect method as well because she has no admissible evidence that similarly situated non-complaining employees were treated more favorably. *See Ezell v. Potter*, 400 F.3d 1041, 1049-50 (7th Cir. 2005); *Stone,* 281 F.3d at 644. Gross argues that two other employees were similarly situated—they bared their breasts at an SOS facility—but were not discharged. But the only "evidence" she has of this similar misconduct is a memorandum written by SOS employee Lynn Lindemann stating that another employee told Lindemann that "you know those girls . . . bared their breasts at the other office." Even assuming that Gross properly authenticated this memorandum, the assertion within it from another employee—not Lindemann, the author of the memorandum—regarding bared breasts is inadmissible hearsay that cannot be used to make out a prima facie case. *See Stinnett v. Iron Works Gym/Executive Health Spa, Inc.,* 301 F.3d 610, 613 (7th Cir. 2002) (evidence considered at summary judgment must be "admissible in content"); *Morrow v. Wal-Mart Stores, Inc.*, 152 F.3d 559, 563 (7th Cir. 1998) ("hearsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial") (internal citation omitted).

Finally, Gross argues that defendants retaliated against her for her political affiliations by demoting her in 1999, giving her poor evaluations including write-ups for attendance violations from 1999 to 2002, denying her a promotion in 2001, and firing her in 2002. Because the statute of limitations for bringing § 1983 claims is two years, *see Hildebrandt v. Ill. Dep't of Natural Res.*, 347 F.3d 1014, 1036 (7th Cir. 2003); *Mitchell v. Donchin*, 286 F.3d 447, 450 (7th Cir. 2002), her claim that she was demoted in 1999 is time-barred. And, assuming without deciding that her political affiliations were a motivating factor in her write-ups, promotion denial, and termination, she has not rebutted the defendants' evidence of her actual poor performance, inadequate credentials for promotion, and sexual misconduct, which shows "that the same action[s] would have been taken in the absence of the employee's protected speech." *Spiegla v. Hull*, 371 F.3d 928, 935 (7th Cir. 2004); *Sullivan v. Ramirez*, 360 F.3d 692, 697 (7th Cir. 2004) (same). Specifically, Gross cites to no evidence that her performance and attendance were acceptable, that she was actually qualified for a promotion, or that the defendants do not fire employees (like Gross and Torres) believed to have engaged in sexual misconduct at work.

Gross finally alleges that her termination amounted to age discrimination. Because Gross did not raise her age discrimination claim in her EEOC charge or in her amended complaint in the district court, we will not consider it here. *See Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527-28 (7th Cir. 2003) (failure to assert age discrimination claim in EEOC charge precludes claim on appeal); *King v. Ill. State Bd. Of Elections*, 410 F.3d 404, 424 (7th Cir. 2005) (issues not raised before the district court are waived on appeal).

For the foregoing reasons, the district court's decision is AFFIRMED.